[Sac. No. 1924.   Department Two.—September 23, 1912.]

## M. D. EATON and W. D. BUCKLEY, Appellants, v. W. H. WILKINS et al., Respondents.

VENDOR AND VENDEE—DESCRIPTION OF LAND IN CONTRACT FOR SALE MUST BE DEFINITE.—The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such a contract must be in writing, subscribed by the party to be charged, and must contain such description of the land, either in terms or by reference, that the property may be identified without resort to parol evidence.

ID.—INSUFFICIENT DESCRIPTION—SPECIFIC PERFORMANCE—INSUFFICIENT PLEADING OF IDENTITY OF LAND.—A description of the real property agreed to be sold as "our land of 1060 acres," in a contract dated "Wilkins Ranch, September 22nd, 1909," is not sufficiently

definite to admit of the specific performance of the contract by the vendee, where the complaint in an action therefor fails to aver any extrinsic facts showing that the description was intended to designate the land particularly described therein, as for instance, that the tract sued for was known as the "Wilkins Ranch," or was the only realty containing such number of acres possessed by the vendor.

ID.—AVERMENT OF INTENT OF VENDOR.—An allegation in such complaint that by such vague description the vendor intended to designate the land in a certain county particularly described therein, is an averment of a mere conclusion, and insufficient to cure the defect in the description.

ID.—ABSTRACT OF TITLE FURNISHED BY VENDOR.—The circumstance that in the agreement the vendor promised to furnish and did subsequently furnish abstracts of title is immaterial.

ID.—PRIOR CONVEYANCE BY VENDOR—RECORDING DEED BEFORE TENDER OF PURCHASE PRICE—ESTOPPEL OF PRIOR GRANTEE.—A vendee under an optional contract for the purchase of land is not entitled to specific performance against a prior grantee of the vendor, whose deed was recorded after the option but before the tender by the vendee of the purchase price, in the absence of any conduct on the part of such grantee operating to estop him from asserting his title.

ID.—INSUFFICIENT ALLEGATIONS OF ESTOPPEL IN PAIS.—The mere allegations that such grantee refused to join in the execution of the contract for sale, declaring at the time that he had no interest in the land, and that the vendee was thereby induced to act upon his statements, is insufficient to show an estoppel *in pais*, in the absence of further allegations that the grantee acted fraudulently or with such gross negligence as amounted to constructive fraud, or that he was apprised of the true state of his own title when he made such statements, or that the vendee was without knowledge or means of knowledge of the true condition of the title.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

R. C. Minor, and Clary & Louttit, for Appellants.

Nutter & Orr, and Nicol & Orr, for Respondents.

MELVIN, J.—Defendants' demurrer to plaintiffs' third amended complaint having been sustained, and plaintiffs having refused to amend further, judgment was accordingly given in favor of defendants and from it plaintiffs take this

appeal. The action was one for specific performance of a contract for the sale of real and personal property. The complaint contains allegations that on September 22, 1909, defendant W. H. Wilkins was the owner of a certain described tract of land in San Joaquin County, together with certain specified personal property situated thereon, and that on said day Wilkins executed and delivered to plaintiffs a contract signed by him, giving them until September 29,.1909, to purchase the said land and personalty for eighteen thousand dollars. This contract is set out in full in the complaint as follows:—

"Wilkins Ranch, September 22nd, 1909.

"MESSRS. EATON AND BUCKLEY:

"We hereby grant you until next Wednesday, September 29th, 1909, in which to buy our land of 1060 acres and all the personal property including hay, wood, wagons, 12 horses, 4 cows, 10 hogs and pigs, harness, mowers, plows, etc., meaning everything on the ranch excepting the baled hay in the warehouse, for the sum of eighteen thousand ($18,000.00) dollars. Terms of sale to be cash and you are to get your commission and a commission for Tom Walsh by selling for a greater sum. Land is to be clear of all debts and possession to be given with the deed. Personal property is to be clear of all debt. Abstract showing clear title to be furnished by us. The intention is to sell everything on the ranch except the hay mentioned above and the furniture and household goods, hay in barn and small stack in field across the river goes with the ranch.

"W. H. WILKINS."

The complaint contains averments that the real property described as "our land of 1060 acres" was intended by Wilkins to refer to and did refer to the property in San Joaquin County theretofore specifically described in the complaint; that defendant E. A. Clifford was present when the contract was signed and delivered and that he disclaimed any interest in the property involved; that, relying upon his statement, plaintiffs accepted the agreement signed by Wilkins alone, and thereupon contracted and agreed to pay the purchase price according to the terms of the instrument; that on September 27, 1909, Wilkins caused certain abstracts to be delivered to plaintiffs; that from these abstracts plaintiffs ascertained that

the title to the property stood of record in the name of W. H. Wilkins; that on September 29, 1909, plaintiffs tendered to Wilkins eighteen thousand dollars for said property; that this sum was a just, fair, and reasonable price therefor; that plaintiffs have fully performed their part of the contract; that they have no plain, speedy, or adequate remedy at law; and that Wilkins has failed to execute a conveyance or to deliver to plaintiffs the possession of the real or personal property involved. The complaint contains the further averments that defendant E. A. Clifford knew of the execution of the contract by Wilkins; of the delivery thereof; and of the acceptance of the terms thereof by plaintiff; but that on September 29, 1909 (the day before the tender to Wilkins of the $18,000) he caused to be recorded a deed from said Wilkins dated January 31, 1907, conveying to him an undivided one-half interest in and to a large portion of the real property here in dispute. Plaintiffs further allege that at the time of the acceptance of the terms of the agreement and at the time of the tender of the purchase price to Wilkins, they had no knowledge of the existence of said deed. The rest of the pleading is concerned with certain liens claimed by the other defendants and the reconveyance to Wilkins by Clifford of a certain interest in the property, but we need not concern ourselves with these matters.

The first contention of respondents in defense of the court's ruling sustaining the demurrer is that the contract is too indefinite to be specifically enforced. We think this position must be sustained. We have in mind the liberal rule with reference to indefinite descriptions capable of being made certain, but here the description of the real property as "our land of 1060 acres" in a contract dated "Wilkins Ranch, September 22nd, 1909," is not sufficient. There is an allegation, as we have shown, that Wilkins intended by this vague description to designate the land in San Joaquin County which is particularly described in the complaint, but that averment is of a bald conclusion and is by no means sufficient. (*Marriner* v. *Dennison,* 78 Cal. 210, [20 Pac. 386].) There is no pleading of extrinsic facts which would support this conclusion—as for instance, that the tract of land which plaintiffs desired to secure by this action was known as "Wilkins Ranch," or was the only realty containing 1060 acres pos-

sessed by Wilkins. From the contract itself it is impossible to determine whether or not the land is situated within the state of California. The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such a contract must be in writing, subscribed by the party to be charged, and must contain such description of the land, either in terms or by reference, that the property may be identified without resort to parol evidence. (*Craig* v. *Zelian*, 137 Cal. 105, [69 Pac. 853].) The contract here pleaded is one which in and of itself gives no clue to the property involved, and the complaint states no facts which would clarify the obscure references therein contained. The circumstance that in the agreement Wilkins promises to furnish and did subsequently furnish abstracts of title does not help the matter. The *description* in the contract must be sufficient to bind interested parties and cannot be made to depend for its very existence upon the subsequent action of one of them. The demurrer was, therefore, properly sustained because of the failure of the complaint to set forth a definite and enforceable contract as a basis for the action.

There is another radical defect in the complaint. While it declares that the title to the property was in Wilkins on September 22, 1909, when the contract was delivered, and on September 27th when the abstracts of title were examined, it pleads facts showing record title to an interest existing in favor of defendant E. A. Clifford on September 28 and 29, 1909, before the tender of the purchase price of eighteen thousand dollars to Wilkins. Appellants contend that since Clifford knew of their contract with Wilkins, his deed, placed of record on September 28, 1909, gives no title as against their contract. In this behalf they cite *Smith* v. *Bangham*, 156 Cal. 365, [28 L. R. A. (N. S.) 522, 104 Pac. 689], which holds that a right given by an option relates, when exercised, to the time of giving the option and cuts off intervening rights. But Clifford's deed was not one establishing a right acquired during the life of the option. It bore date January 31, 1907, and the presumption, in the absence of an allegation to the contrary, is that it was delivered on that date. There is an effort to plead estoppel *in pais* against E. A. Clifford because he refused to sign the agreement; declared that he owned no interest in the land, and thereby caused plaintiffs to act upon

his statements.    There is, however, no allegation that he acted
fraudulently or with such gross negligence as amounted to
constructive fraud.    It does not appear that he was apprised
of the true state of his own title when he made the statements
attributed to him, nor that plaintiffs were without knowledge
or the means of 'knowledge of the true condition of the title.
The pleading therefore fails to set forth facts which would
constitute an estoppel against Clifford; consequently the alle-
gation that he was a grantee in a deed conveying an interest
in the property and presumed to have been delivered some
years before the date of the contract upon which plaintiffs
must rely for success in this case, establishes a state of the
record inconsistent with the possibility of the granting of the
equitable relief for which they pray.    For this reason also the
demurrer was properly sustained.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.