[Civ. No. 1392.  First Appellate District.—November 16, 1914.]

## A. J. MINAKER, Respondent, v. SUNSET BUILDING & REAL ESTATE COMPANY (a Corporation), Defendant; INTERURBAN REAL ESTATE COMPANY (a Corporation), et al., Appellants.

CONTRACTS—SPECIFIC PERFORMANCE—PLEADING—SUFFICIENCY OF COMPLAINT—FAIRNESS OF CONTRACT.—In a suit for specific performance of a contract for the purchase of certain land, the complaint is sufficient in its allegation that the contract is fair and equitable, and such as a court of equity will enforce, where it sets up *in haec verba* the contract itself, and states that the purchase price of the property stipulated in the contract was the fair and reasonable value of the property at the time the contract was made.

ID.—SUFFICIENCY OF COMPLAINT—WAIVER OF TERMS OF CONTRACT AS TO PAYMENT.—An objection to the allegation in the complaint in such a case that a strict compliance with that part of the contract requiring all payments of the purchase price to be made upon certain days and in certain amounts was duly waived, on the ground that it would cause a variation in the rule, and further that, since a contract in writing can only be modified by a contract in writing, the alleged waiver set forth in the complaint would be void, cannot be maintained, where it appears from the face of the complaint that whatever change in the contract was made in this respect, was a fully executed variation as between the original parties to the contract, and especially where, upon the face of the complaint, it does not appear as to whether the waiver of this particular provision of the contract was or was not in writing, the only allegation being that the terms of the contract in that respect were duly waived by the respective parties thereto.

ID.—MODIFICATION OF CONTRACT—PLEADING—ALLEGATION OF MODIFICATION—PRESUMPTION OF WRITING.—Whenever it is necessary that a contract or modification of a contract shall be in writing, and the

complaint alleges that the contract or modification of the contract was actually made and entered into between the parties, the presumption will be that the contract or modification was in writing, in the absence of an averment to the contrary.

ID.—CONTRACTS—PURCHASE OF LAND—RECORDATION—RIGHTS OF PURCHASER AS AGAINST SUBSEQUENT ENCUMBRANCES AND PURCHASERS —PAYMENTS TO ORIGINAL VENDOR—RIGHTS TO SPECIFIC PERFORMANCE.—Where a contract for the purchase of land was duly recorded and thereafter and while the purchaser was proceeding to execute the same the seller made two deeds of trust to certain parties, and later one of the parties became the purchaser of the property upon the sale thereof under these deeds of trust, whatever rights the latter or his successors in interest obtained by virtue of the deeds of trust or by the sale of the property thereunder were taken subject to the contract made with the purchaser; and the purchaser was entitled to continue to make his payments under his original contract to the original vendor instead of to the purchaser under the deeds of trust, in the absence of definite notice of the transfer of title, and when he has made full payment to the original vendor he is entitled to demand specific performance of the contract not only from the original vendor, but from all those that succeeded in interest with notice of his contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

H. D. Newhouse, and Abram M. Marks, for Appellants.

J. W. Henderson, and Frank D. Macbeth, for Respondent.

THE COURT.—This is an action brought by A. J. Minaker against the Sunset Building & Real Estate Company, Interurban Real Estate Company, and Hugo D. Newhouse, for the specific performance of a contract alleged and shown to have been entered into between A. J. Minaker and the Sunset Building & Real Estate Company (or that corporation under another name), for the purchase of certain lots, a portion of a larger subdivided tract of land, for the sum of one thousand and seventy-five dollars, plaintiff alleging that he had completed and complied with the terms of that contract and that he was entitled to have his contract specifically enforced, not only against the immediate vendor named in that

contract, but also against the subsequent incumbents and purchasers, named also as defendants in this action.

The first point made by the appellants is that the complaint is defective in that it does appear sufficiently from the face of the complaint that the contract is a fair and equitable contract; or, in other words, such a contract as a court of equity will enforce. The complaint sets up *in haec verba* the contract itself, and further states that the purchase price of the property stipulated in that contract was the fair and reasonable value of the property at the time the contract was made. We think the allegation that the purchase price of the property was fair and reasonable, taken in connection with the terms of the contract and set out fully in the complaint, suffices to satisfy the statute in that respect and that the first point urged by the appellant is not well taken. (*Reese Co.* v. *House,* 162 Cal. 740, [124 Pac. 442].)

The point is also made upon the demurrer in the briefs of counsel that the allegation in the complaint that a strict compliance with that part of the contract requiring all payments of the purchase price to be made upon certain days and in certain amounts was duly waived by the defendant and the Sunset Building & Real Estate Company, would cause a variation in the rule which has just been announced by the court; and that further, since a contract in writing can only be modified by a contract in writing, the alleged waiver set forth in the complaint would be void. To this there are two answers; first, that it appears from the face of the complaint that whatever change in the contract was made in this respect, whatever variation was accomplished, was a fully executed variation as between the original parties to the contract; but the second and better answer is that upon the face of the complaint it does not appear as to whether the waiver of this particular provision of the contract was, or was not in writing, the only allegation being that the terms of the contract in that respect were duly waived by the respective parties thereto. The supreme court has held in a number of cases that whenever it is necessary that a contract or modification of a contract should be in writing, and the complaint alleges that the contract or modification of the contract was actually made and entered into between the parties, the presumption will be that the contract or modification was in writing in the absence of an averment to the contrary.

It is admitted that the contract between the plaintiff and the Sunset Building & Real Estate Company was duly recorded and that thereafter and while the plaintiff was proceeding to execute the same, the Sunset Building & Real Estate Company made two deeds of trust to certain parties named Newhouse and later on that Hugo D. Newhouse, one of the defendants, became the purchaser of the property upon the sale thereof under these deeds of trust. The original contracts being recorded, it follows that whatever rights the defendant Newhouse or his successors in interest—the Interurban Real Estate Company—obtained by virtue of those deeds of trust or by virtue of the sale of property thereunder, or the subsequent conveyance to the Interurban Real Estate Company, they took subject to the contract made with the plaintiff, and to their knowledge and notice of said contract, imparted by the fact of its recordation. The plaintiff continued to make payments due under his original contract to his original vendor the Sunset Building & Real Estate Company; and, with the exception of one payment of fifty dollars made to Newhouse, completed payment of his installments under his contract and thereupon demanded a deed of the property, which, being refused, he brought this action for specific performance, making all the aforesaid parties defendants to the action.

The appellants contend that the defendant Newhouse, having taken a subsequent deed of trust to the property, and having later become the owner thereof through sale under that deed, was entitled to have the subsequent payments after the date of the latter deed, made to himself rather than to the original vendor; and the appellant also contends that the evidence sufficiently shows that the plaintiff Minaker had knowledge of the rights acquired by Newhouse under these deeds of trust, under the deed of grant made in pursuance thereof; and that having such knowledge he was not entitled to continue to make his payments to the original vendor. An examination of the record, however, will show that there is a failure of proof on the part of the defendants in this respect and that the defendant Newhouse does not seem to have brought clearly home to the notice of the plaintiff, the fact of his succession to the title of the property and the claim which he now makes that he was entitled to the subsequent payment upon the installments of the purchase price.

We think that the subsequent purchaser of property, with notice of the existence of a previous contract for its sale to the original vendee, before he can claim that the payments which such vendee is to make under his contract should be made to himself, must definitely advise the original vendee of the fact of his ownership of the property and his claim to such payment; and this the defendant Newhouse does not appear from the evidence to have done. We think, therefore, that the original vendee was entitled to continue to make his payments to the Sunset Building & Real Estate Company, his original vendor, and having done so he was entitled to demand the specific performance of the contract, not only from the original vendor, but from all those that had succeeded in interest with notice of his contract, and in this respect we think that the point made by the appellant is not well taken—that the plaintiff was not entitled in this action to specific performance of his contract against the subsequent purchasers with notice of his rights.

Upon the whole, we are satisfied that the evidence of the case sustains the findings of the trial court and that there is no error in the record justifying the reversal of the case and for these reasons the judgment and order denying a new trial are affirmed.