[Civ. No. 3785. Third Appellate District.—May 24, 1929.]

RAY THOMAS, INC. (a Corporation), Respondent, v. MARY E. COWAN, Appellant.

Stewart & Stewart for Appellant.

Joseph Musgrove and F. O. McGirr for Respondent.

PLUMMER, J.—Plaintiff had judgment in an action for specific performance of a contract for the sale of real estate. From this judgment the defendant appeals.

The complaint in this action sets forth that the defendant is the owner in fee of the lands and premises described in this action, and was such on the sixth day of July, 1926; that on said date the defendant gave to one George W. Fassel an option to purchase the real estate described in the complaint; that thereafter, and on or about the nineteenth day of July, 1926, Fassel assigned his interest in said option to one Lem A. Brunson, who, on or about the same date assigned his interest in said option to the plaintiff in this action; that on or about the same date the defendant accepted the assignment of the option herein referred to; that on or about the twentieth day of July, 1926, the defendant gave certain instructions to the Title Guarantee and Trust Company, in relation to consummating the sale of the real estate involved in this action. The complaint further alleges that the plaintiff has complied with all the terms and conditions of the option agreements herein referred to. The answer of the defendant denies the allegations of the complaint, and for further defense sets up that she was induced to sign the instruments referred to herein by reason of fraudulent misrepresentations. As the question of fraud is not presented to us upon this appeal, no further reference will be made thereto.

The court found that the plaintiff was entitled to, and entered a decree for the specific performance of the instruments designated as Exhibits "A" and "B."

Exhibit "A" is the option agreement entered into between the respondent Mary E. Cowan and George W. Fassel, the persons heretofore referred to, and is substantially as follows: That on the sixth day of July, 1926, the defendant gave to said Fassel the exclusive right and option, at any time before 12 o'clock P. M. on the eighteenth day of July, to purchase the real property involved in this action for the sum of $36,000, subject to conditions (which are not involved in this action and need not be set forth). The option ran in favor of the optionee, his heirs, executors, administrators and assigns. By its terms it provided that the option could be exercised only by written instrument signed by the optionee, his heirs, executors, administrators or assigns, and delivered to the optionor personally or deposited in the mail by registered letter, postage prepaid, addressed to the optionor at her address in the city of Los Angeles. The purchase price was fixed at $36,000, $12,000 payable upon demand in escrow, the remaining $24,000 payable on or before five years after date of escrow, with interest at seven per cent per annum, payable semi-annually. The eighteenth day of July, 1926, falling on Sunday, the life of the option, by reason of the provisions of the Civil Code, ran until 12 o'clock P. M., July 19th. On the nineteenth day of July, George W. Fassel assigned and transferred all his interest in the option referred to and right to purchase the real estate involved in this action to Lem A. Brunson. This assignment is in the words and figures following, to wit:

"Exhibit 'B'

"July 19, 1926.

"Mr. Lem A. Brunson,
 "945 Wall Street,
 "Los Angeles, Calif.

"My dear Mr. Brunson:

"In accordance with our conversation of this date, please be advised that I hereby agree to and do hereby transfer, assign, set over and convey to you those certain exclusive options executed and delivered to me by Miss Mary E. Cowan, covering certain real property owned by said Mary E. Cowan, situated at 824 West 10th Street, Los Angeles, California, upon the following terms and conditions, to-wit: First: That you agree to pay said Miss Mary E. Cowan,

upon acceptance and exercise of said option, the sum of $36,000, $5,000 of which is to be paid into escrow within three (3) days after notification by the Title Company or Mary E. Cowan, of the opening of escrow by said Mary E. Cowan and $7,000 and a note and mortgage on standard form in the sum of $24,000 dated and bearing interest of 7% from the date of close of escrow within three (3) days after notification to you by the Title Company of its readiness to record the Deed of Conveyance. Second: And upon your payment to me of the further sum of $2,000 upon the close of said escrow. It is understood and agreed that your acceptance of this proposition is to supercede a former option dated July 15, 1926, by me to you upon said property.

"Very truly yours,

"Geo. W. Fassel.

"Approved and Accepted.

"Lem A. Brunson."

Thereupon, said Lem A. Brunson signed the following instrument, directed to the respondent, to wit:

"July 19, 1926.

"Miss Mary E. Cowan,
 "824 West 10th Street,
 "Los Angeles, Calif.
"Dear Madam:

"This is to advise you that Mr. George W. Fassel has this date sold, assigned and transferred to me those certain options given by you to him, covering the purchase of your property situated at 824 West 10th Street, Los Angeles, California, at a price of $36,000 net to you, payable upon the following terms and conditions, to-wit: $5,000 to be paid to you upon opening of escrow for the sale of said property, which you agreed to do within three (3) days from the date hereof, and a further sum of $7,000 and a note and mortgage in the sum of $24,000 on the standard form, dated as of the close of escrow and bearing 7% (LAB) interest from said date, payable semiannually, which sum is to be paid on or before five (5) years. This is to further notify you that I do hereby accept and exercise said offer and do hereby tender to you on account of the purchase price of said property as hereinbefore set forth, the sum of $500.00

"Very truly yours,

"Lem A. Brunson.

"Above assignment, terms conditions and the receipt of $500.00 on the purchase price is accepted and approved this 19th day of .July, 1926. Terms of mortgage to be $8000.00 in 2 yrs. $8000.00 in 4 yrs. & $8000.00 in 5 yrs. at 7% on all deferred payments.

"MARY E. COWAN.

"Witness to signature of Mary E. Cowan.

"GEO. W. FASSEL."

The record shows an assignment by Brunson to the plaintiff in this action. While the approval of the assignment by Fassel to Brunson appears to have been approved by the respondent on the 19th day of July, 1926, it was actually approved by her on the 20th of July, 1926.

By an instrument bearing date of July 20, 1926, the appellant gave certain instructions to the Title Guarantee and Trust Company escrow-holder relative to the acts to be performed in the consummation of the sale of the property referred to by the respondent in this action, and also set forth the terms of sale. These instructions were to the effect that a deed executed by her to the plaintiff for the property involved was authorized to be delivered to the plaintiff within twenty days on payment to the Title Company of the· sum of $11,500, on account of the purchase price of the property mentioned, and a mortgage for $24,000 securing three notes of $8,000 each in two, four and five years, with interest at seven per cent per annum, payable semi-annually. The instructions also provided that $5,000 of the defendant's demand should be placed in escrow on or before Friday, July 23, 1926. The record shows that on the twenty-first day of July, 1926, the plaintiff, or, rather, that one Musgrove, an attorney for plaintiff, deposited with the Title Guarantee and Trust Company the sum of $4,500 for the benefit of the plaintiff. The transcript contains the following in relation to the $4,500: "It was also stipulated that $4500.00 was paid into escrow and is still in said escrow."

On the twenty-third day of July, 1926, the appellant wrote a letter to the Title Guarantee and Trust Company and the parties involved herein, notifying them that she repudiated her agreements of sale on the ground that her signature thereto had been obtained by fraud. No objection was made to the form of the tender, nor was any objection made as to the amount thereof.

Upon this appeal it is contended that the finding of the court that the plaintiff had complied with all the terms and conditions to be performed by it specified in the writings to which we have referred, are not supported by the testimony in this, that the evidence shows the option to purchase was not accepted and ratified on the nineteenth day of July, 1926, but that the ratification thereof took place on the twentieth day of July, 1926, and was therefore one day too late. And, further, that the payment of $4,500 in escrow was not in accordance with the terms of the instrument in that the escrow instructions delivered to the Title Guarantee and Trust Company called for the payment of the sum of $5,000, and also that it was uncertain as to whether the $4,500 heretofore mentioned was deposited in such a manner that the appellant could lay claim thereto in the event the plaintiff failed to comply with the terms and conditions of the instruments herein referred to. It may be observed that none of the instructions to which we have referred, made time the essence thereof, save and except that the options, until accepted, gave the optionee only so long a time within which to exercise his option to purchase.

■ As to the first objection that the option to purchase was not exercised within the time limit, it is sufficient to say that the record shows beyond controversy that the act of the appellant prevented the service upon her of written notice of acceptance of the option within the time limit, and brings this case clearly within the rule set forth in 13 C. J., page 647, section 721, which is: "A party to a contract cannot take advantage of his own act or omission, to escape liability thereon. . . . Under this rule performance of a contract is excused when it is prevented by the acts of the opposite party, or is rendered impossible by him." ■ Furthermore, the record shows that on the twentieth day of July, 1926, the respondent received notice of the acceptance of the option and assignment, and thereupon approved the assignment, and signified the same by signing an *addenda* to the assignment specifying that the $24,000 mentioned in the acceptance of the option and assignment thereof should be paid in two, four and five years.

The second objection urged by the appellant is as to the amount of the tender. As shown by the writing dated July 19, 1926, which bears the approval of the respondent, it is

specified that $5,000 was to be paid to the respondent upon the opening of the escrow of the sale of property involved in this action, and then that the further sum of $7,000 was to be paid, and then notes and mortgages were to be given for $24,000. It thus clearly appears that the cash to be paid was only the sum of $12,000. At the time of the approval of this writing the respondent was tendered and accepted a check for the sum of $500. This left only the sum $11,500 to be paid. The instructions contained in the paper signed by the appellant and handed to the Title Guarantee and Trust Company did direct that $5,000 should be paid on or before July 23, 1926. In this particular it differs from the two instruments which we have mentioned herein, or, rather, the fact that $500 had already been paid on the $5,000 apparently was lost sight of. As we have stated, on the twenty-third day of July, 1926, the appellant repudiated her agreements, which repudiation was received by the parties interested on the twenty-fourth day of July, 1926. The law is well settled that where a vendor repudiates the terms of a contract and indicates that he will be no longer bound thereby, a further tender of performance before beginning suit by the vendee is unnecessary. In support of this we may refer to the long list of cases cited in a note appended to the case of *Bateman* v. *Hopkins*, as reported in Ann. Cas. 1913C, pages 642–648, being a case also reported in 157 N. C. 470 [73 S. E. 133]. To the same effect is the rule cited in 23 Cal. Jur., page 499; see, also, *Buckmaster* v. *Bertram*, 186 Cal. 673 [200 Pac. 610]. Where the vendor has absolutely repudiated his agreement to sell, it is sufficient, on the part of the vendee, to set forth in his complaint that he is ready, willing and able to perform his part of the contract. Such appears to be the case at bar. The complaint contains the necessary allegations which was followed by the necessary proof introduced upon the trial. As to the sufficiency of the tender and offer of the payment of the first installment, we think the objections of the appellant are answered by section 2076 of the Code of Civil Procedure and section 1501 of the Civil Code. These sections provide that the form of tender must be objected to at the time, and, likewise, as to the amount; otherwise, such objections are waived. Without reciting the sections referred to, we think they absolutely answer the objections of the appellant in the negative. While the

record shows no acceptance of the assignment by Brunson, to the plaintiff, it does show the assignment, and then shows that the respondent acted thereon and in pursuance thereof in handing the deed executed in favor of the plaintiff, to the Title Guarantee and Trust Company, for the property involved, at the time of the delivery of instruments which sufficiently show ratification. The record shows that appellant makes no objection in this particular.

We conclude that the trial court was correct in holding that Exhibits ''A'' and ''B'' constituted a contract of sale and properly directed specific performance.

The judgment is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.