[Sac. No. 6455. In Bank. Jan. 14, 1955.]

ROBERT W. BEVERAGE et al., Appellants, v. CANTON PLACER MINING COMPANY (a Corporation) et al., Respondents.

Goldstein, Barceloux & Goldstein, J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein and Reginald M. Watt for Appellants.

H. W. Glensor and Hilary H. Crawford for Respondents.

SPENCE, J.—Plaintiffs appeal from a judgment on the pleadings in an action to enforce specifically defendant mining company's contract to convey certain real property and to quiet the adverse claim of defendant Heney. Defendants' objections to the introduction of evidence and their motion for judgment on the pleadings were based on the following grounds: (1) the complaint failed to state a cause of action because of insufficiency of the property description in the alleged contract to satisfy the statute of frauds (Civ. Code, § 1624; Code Civ. Proc., § 1973); (2) the complaint failed to allege a tender of the balance of the purchase price as a condition precedent to performance by the vendor; (3) the complaint affirmatively showed laches in the prosecution of the alleged claim; and (4) the complaint failed to allege that the consideration for the agreement was adequate and as to defendant company, that the agreement was just and reasonable. (Civ. Code, § 3391.)

In determining the propriety of the action of the trial court in granting defendants' motion for a judgment on the pleadings, its ruling should be reviewed in the same manner as would be a judgment of dismissal following the sustaining of a general demurrer to the complaint. (*Bannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149, 151 [157 P.2d 1]; *Gill* v. *Curtis Pub. Co.*, 38 Cal.2d 273, 275 [239 P.2d 630].) In either case the reviewing court should apply the rule that the trial court may not summarily enter a judgment in favor of defendant without first according to plaintiff leave to amend if such leave is requested and it appears probable that plaintiff can amend to remedy the alleged defects in the complaint. (See *MacIsaac* v. *Pozzo*, 26 Cal.2d 809, 815-816 [161 P.2d 449].) Here plaintiffs were denied leave to amend, and under the circumstances shown by the record, we have concluded that the judgment must be reversed.

Plaintiffs allege in their complaint that defendant Canton Placer Mining Company owned certain real property in Plumas County, described by metes and bounds; that on September 29, 1947, plaintiffs and the company "entered into an

agreement in writing, wherein . . . plaintiffs agreed to buy and defendant company agreed to sell'' the described property for $1,500; that ''plaintiffs then and there paid over unto defendant company the sum of $500.00 in cash to apply on said purchase price, and undertook and agreed to pay the balance of $1,000.00 upon the issuance of a preliminary title report''; that defendant company's attorney acting as its authorized agent ''then and there made, executed and delivered to plaintiffs a writing . . . incorporated herein'' and accepted from plaintiffs the $500 paid ''on account of the agreed purchase price''; that a preliminary title report was issued showing title to the property to be vested in the vendor ''but that no request was made then or at any other time for payment by plaintiffs of said balance of the agreed purchase price; plaintiffs have repeatedly demanded the conveyance of the said real property but the defendant company has not executed such conveyance, and has failed, refused, and neglected and does still fail, refuse and neglect to do so''; and that ''ever since said day . . . plaintiffs have been and now are ready, willing and able to [pay] over to defendant company the balance of said purchase price.''

The incorporated writing reads as follows:

''Sacramento, Calif.
Sept. 29, 1947

''Received from Katherine H. Beverage and Robert W. Beverage of Paxton, Plumas Co. Calif. $500.00 deposit on purchase price of seven and one-half (7½) acres, more or less, to south of State Highway at Chambers Creek, (between highway Engineer Stations 561 + 58.51 ± to 577 ±) being part of Canton Placer Claim.

''Balance of $1000.00 to be paid upon issuance of preliminary title report.

''Title fees to be paid by grantees.

''Property to be delivered by grantor free and clear of taxes and incumbrances.

LINCOLN V. JOHNSON
for Canton Placer Mining Co.''

Without interposing any demurrer, defendants answered, admitting ownership of the property particularly described in the complaint but denying generally all other allegations. When the case was called for trial and following plaintiffs' opening statement, defendants objected to the introduction of any evidence on the ground that the complaint did not state

a cause of action. The main point in controversy was the claim of insufficiency of the property description contained in the pleaded agreement, by reason of the requirements of the statute of frauds. (Civ. Code, § 1624; Code Civ. Proc., § 1973.) Over defendants' objection, the court permitted plaintiffs to introduce evidence directed primarily to showing the sufficiency of the assailed property description in the memorandum agreement or deposit receipt. Thereafter the court granted defendants' motion to strike such evidence in its entirety, and granted defendants' motion for judgment on the pleadings.

To satisfy the statute of frauds, the memorandum affecting the sale of real property must so describe the land that it can be identified with reasonable certainty. (37 C.J.S. § 184, p. 669; *Allen* v. *Stellar,* 106 Cal.App. 67, 70 [288 P. 855]; *Roberts* v. *Lebrain,* 113 Cal.App.2d 712, 715 [248 P.2d 810].) This is one of the most essential parts of such an agreement. (*Craig* v. *Zelian,* 137 Cal. 105, 106 [69 P. 853]; *Gordon* v. *Perkins,* 108 Cal.App. 336, 339 [291 P. 644].)

Preferably, the writing should disclose a description which is itself definite and certain. Alternatively, however, a description fulfills the test of reasonable certainty if it furnishes the "means or key" by which the description may be made certain and identified with its location on the ground. (*Gordon* v. *Perkins, supra,* 108 Cal.App. 336, 340.)

It is obvious in the instant case that the description in the deposit receipt is not a preferred description; by itself it is not definite and certain. (See, e. g., *Craig* v. *Zelian, supra,* 137 Cal. 105.) However, it may not be concluded that the description does not furnish a "means or key" to identification. (See, e.g., *Preble* v. *Abrahams,* 88 Cal. 245 [26 P. 99, 22 Am.St.Rep. 301].) The applicable principle is that that is certain which can be made certain (Civ. Code, § 3538; *Preble* v. *Abrahams, supra,* 88 Cal. at p. 251; also *Tuck* v. *Gudnason,* 11 Cal.App.2d 626, 630 [54 P.2d 88]; *Mancuso* v. *Krackov,* 110 Cal.App.2d 113, 115 [241 P.2d 1052]) by additional allegations (*Marriner* v. *Dennison,* 78 Cal. 202, 207 [20 P. 386]; see also *Russell* v. *Ramm,* 200 Cal. 348, 369-370 [254 P. 532]; *Wright* v. *L. W. Wilson Co., Inc.,* 212 Cal. 569, 575 [299 P. 521]) and parol evidence in proof thereof, admitted not for the purpose of furnishing or supplying a description (*Gordon* v. *Perkins, supra,* 108 Cal.App. 336) but for the purpose of applying the given description to the earth's surface, thereby identifying the property. (*Marriner* v. *Denni-*

*son, supra,* 78 Cal. at p. 208-209; *Simpson* v. *Schurra,* 91 Cal. App. 640, 648 [267 P. 384].) Courts have been most liberal in construing executory contracts for the sale of real estate and have sought, as far as is consistent with the above established rules, to give effect to the intention of the parties in applying descriptions to property. (*Johnson* v. *Schimpf,* 197 Cal. 43, 48 [239 P. 401]; *United Truckmen, Inc.* v. *Lorentz,* 114 Cal.App.2d 26, 29 [249 P.2d 352].)

Since the complaint contained no supplementary allegations in aid of the defective description, it furnished the court with no basis for ruling on the admissibility of evidence offered to identify the property the parties had in mind. (*Marriner* v. *Dennison, supra,* 78 Cal. 202, 210.) Accordingly, plaintiffs' complaint was vulnerable to objection for insufficiency of the property description. This rule of pleading governed in the cases of *Eaton* v. *Wilkins,* 163 Cal. 742, 746 [127 P. 71]; *Allen* v. *Stellar, supra,* 106 Cal.App. 67, 69-70; and *Gordon* v. *Perkins, supra,* 108 Cal.App. 336, 342, on which defendants rely.

However, it might well be that with proper amendment evidence would be admissible to explain the description according to "the situation of the parties and the surrounding circumstances" when the deposit receipt was given and so identify with reasonable certainty the particular property intended. (*Preble* v. *Abraham, supra,* 88 Cal. 245, 251; *Towle* v. *Carmelo Land & Coal Co.,* 99 Cal. 397, 399 [33 P. 1126].) The description possibly may be supplemented by extrinsic evidence showing its application to the particular property to the exclusion of all other property. (49 Am.Jur. § 349, p. 658.) This proposition is illustrated in the case of *Preble* v. *Abrahams, supra,* 88 Cal. 245, where the land mentioned in the agreement to convey was designated simply as "forty acres of the eighty-acre tract at Biggs" but the description was held sufficient when aided by parol evidence showing that the vendor owned such a tract and by contemporary agreement had sold the other forty acres to a third person.

The body of the deposit receipt fails to locate the property in any particular state or county. Although such omission has been regarded as fatal in some instances (*Allen* v. *Stellar, supra,* 106 Cal.App. 67, 70; *Gordon* v. *Perkins, supra,* 108 Cal.App. 336, 339), such is not the invariable rule. The deposit receipt was dated at "Sacramento, Calif.," from which it could reasonably be assumed that the property was located in this state. However, it could also be assumed that it was

"in or adjacent to" the designated city, Sacramento (*Mc-Kevitt* v. *City of Sacramento*, 55 Cal.App. 117, 128 [203 P. 132]), which latter identification would defeat the jurisdiction of the Superior Court of Plumas County, wherein this action was commenced. (Const., art. VI, § 5.) But there was other specific matter recited in the deposit receipt which is opposed to the inference arising from the city designation in the date line. The receipt mentions particular engineer stations on a state highway at Chambers Creek and states that the property was part of "Canton Placer Claim" lying south of the highway. ▮ Reference to a well-known creek, brook or other feature or place of the locality in which the land lies has been held to render unimportant the failure to specify the city or county. (See Anno. 23 A.L.R. 2d 10, 24.) It might be that such named creek between the mentioned engineer stations is found only in Plumas County. Likewise plaintiffs' residence is stated as "Paxton, Plumas Co. Calif.," indicating their interest in property in that county.

▮ A description or designation in itself of meagre and doubtful character may be deemed sufficient on its being made to appear by proper allegation and proof that at the place indicated the vendor owned premises answering to its terms and owned at that place no other such property. (See 37 C.J.S. § 185, p. 672; *Eaton* v. *Wilkins, supra,* 163 Cal. 742, 745-746; *Joyce* v. *Tomasini,* 168 Cal. 234, 238-239 [142 P. 67].) ▮ While the deposit receipt stated that the land was "to south of State Highway at Chambers Creek" without specifying how far south, it might be that the reference to the engineer stations and the highway, coupled with the designation of the land as "part of Canton Placer Claim," would suffice to permit a competent surveyor to identify the property with reasonable certainty. (12 Cal.Jur. § 81, p. 913; *McKevitt* v. *City of Sacramento, supra,* 55 Cal.App. 117, 127.)

▮ The property is described in size as "7½ acres, more or less," which latter phrase, flexible in meaning like the word "about" or "approximately," might be made certain according to the application of other boundary marks contained in the writing. (*United Truckmen, Inc.* v. *Lorentz, supra,* 114 Cal.App.2d 26, 32-33; see Words and Phrases, perm. ed., vol. 27, p. 578.)

▮ Considering that the property is obviously "part of Canton Placer Claim" and the vendor is defendant Canton Placer Mining Company, an ambiguity is created which would indicate that the land constituting the subject matter of the

deposit receipt was part of a larger tract owned by the company; and it would be incumbent on plaintiffs to segregate by appropriate allegations and proof the particular acreage intended. (*Preble* v. *Abrahams, supra,* 88 Cal. 245, 251.) The deposit receipt definitely expressed the terms of payment and the conditions of title to be met by the vendor preliminary to conveyance. (See *Bruggeman* v. *Sokol,* 122 Cal.App.2d 876, 881-882 [265 P.2d 575].) In connection with evidence of defendant company's ownership and other related matters as above noted, the description in the deposit receipt, considered with appropriate pleading of extrinsic facts, might prove sufficient to meet the requirements of the statute of frauds. (See *United Truckmen, Inc.* v. *Lorentz, supra,* 114 Cal. App.2d 26.)

Defendants further contend that plaintiffs are not entitled to a decree of specific performance because of their failure to allege payment or tender of the balance of the purchase price, a condition precedent to plaintiffs' right to demand its conveyance. They rely on the rule that "to entitle a party to specific performance, he must have (a) performed, (b) offered to have performed, or (c) proved a sufficient excuse for not performing, all the conditions required of him" by the agreement. (*Reyburn* v. *Young,* 11 Cal.App.2d 476, 477 [54 P.2d 87]; Civ. Code, § 3392.) ▮ However, where a vendor repudiates a contract and indicates that he is not bound thereby, a tender is unnecessary. (*Ray Thomas, Inc.* v. *Cowan,* 99 Cal.App. 140, 146 [277 P. 1086].) While the language of the complaint seems to preclude an allegation of tender, it is not inconsistent with an allegation of repudiation of the contract by the defendant company as vendor. Thus, plaintiffs alleged the company's continued refusal to execute a conveyance of the property despite plaintiffs' repeated demands therefor, and that plaintiffs stand "ready, willing and able" to pay the balance due. ▮ The law does not require the performance of an idle act, and a formal tender of performance is excused by the refusal in advance of the party to accept the performance owing. (Civ. Code, §§ 1440, 1511, 3532; *Woods-Drury, Inc.* v. *Superior Court,* 18 Cal.App.2d 340, 348 [63 P.2d 1184].)

Defendants raise the point of laches in bar of plaintiffs' claim for specific performance. They point to the fact that two years and six months elapsed between the execution of the deposit receipt and the filing of this action. ▮ However, mere lapse of time does not constitute laches unless

accompanied by circumstances showing prejudice to the opposing party. (*McGibbon* v. *Schmidt,* 172 Cal. 70, 74 [155 P. 460].) So far as appears from the pleadings, there is nothing to indicate that defendants suffered any prejudice by reason of plaintiffs' delay in bringing this action.

Defendants finally contend that the complaint failed to state a cause of action in that there were insufficient allegations of fact to establish the adequacy of the consideration and the fairness and reasonableness of the contract. (Civ. Code, § 3391; 23 Cal.Jur. §§ 52, 53, pp. 493-498; *Joyce* v. *Tomasini, supra,* 168 Cal. 234, 237; *Magee* v. *Magee,* 174 Cal. 276, 281 [162 P. 1023].) Plaintiffs alleged that the ''consideration named in the said writing . . . was the fair and reasonable value of said property at the time of the said agreement. . . .'' Similar allegations that property is reasonably worth a certain sum set forth in the agreement sought to be enforced, have been held sufficient. (*W. G. Reese Co.* v. *House,* 162 Cal. 740, 745 [124 P. 442]; *Minaker* v. *Sunset Bldg. & Real Estate Co.,* 25 Cal.App. 771, 773 [145 P. 542]; *Boro* v. *Ruzich,* 58 Cal.App.2d 535, 540 [137 P.2d 51].) It thus appears that there is no merit in this contention.

The facts stated in the pleadings indicate that plaintiffs may have a good cause of action but that it has been defectively or imperfectly pleaded. Defendants did not call attention to these claimed defects either by demurrer or by duly noticed motion for judgment on the pleadings, although they had long known the condition of the pleadings preceding the trial. Under such conditions the trial court should not have granted the surprise motion, which attacked the pleadings for the first time at the time of trial, without first giving plaintiffs an opportunity to elect whether they would stand on their pleadings or amend them. (*MacIsaac* v. *Pozzo, supra,* 26 Cal.2d 809, 815.) Defendants' failure to give plaintiffs notice of their intention to attack the pleadings prior to the trial also excuses the failure of plaintiffs to go to the trial armed with formal amendments to offer to the court in the event that the pleadings are unexpectedly attacked. (*MacIsaac* v. *Pozzo, supra.*) And the fact that plaintiffs' motion to amend was defective in that it was more in the nature of a motion to amend to conform to the proof does not vitiate the power to permit an amendment. (Code Civ. Proc., § 472c; *MacIsaac* v. *Pozzo, supra,* 26 Cal.2d at p. 816.)

In addition there is some justification for the failure of plaintiffs to formally move to amend. Defendants constantly took the position that the pleadings could not be

amended to state a cause of action. The trial court adopted defendants' view and repeatedly stated that the complaint could not be so amended. Faced with this attitude plaintiffs apparently were convinced, and were justified in assuming, that a formal offer to amend would have been futile.

Plaintiffs should be permitted to amend their complaint to meet, if possible, the deficiencies in their pleadings as above noted.

The judgment is reversed, with directions to the trial court to permit plaintiffs to amend their complaint.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.