TO BE PUBLISHED IN THE OFFICAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 94-821 |
| of | : | |
| | : | February 9, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE ELIZABETH G. HILL, LEGISLATIVE ANALYST, CALIFORNIA LEGISLATURE, has requested an opinion on the following question:

With respect to submitting substantive amendments to a proposed state initiative measure, are the proponents limited to one 15-day period following receipt of the draft petition by the Attorney General?

**CONCLUSION**

With respect to submitting substantive amendments to a proposed state initiative measure, the proponents are limited to one 15-day period following receipt of the draft petition by the Attorney General.

**ANALYSIS**

The constitutional power to propose initiative measures has been reserved to the people of California since 1911. (See former Cal. Const., art. II, § 1.) Article II, section 8 of the Constitution currently provides:

"(a) The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them.

1

"(b)  An initiative measure may be proposed by presenting to the Secretary of State a petition that sets forth the text of the proposed statute or amendment to the Constitution and is certified to have been signed by electors equal in number to 5 percent in the case of a statute, and 8 percent in the case of an amendment to the Constitution, of the votes for all candidates for Governor at the last gubernatorial election.

"(c)  The Secretary of State shall then submit the measure at the next general election held at least 131 days after it qualifies or at any special statewide election held prior to that general election.  The Governor may call a special statewide election for the measure.

"(d)  An initiative measure embracing more than one subject may not be submitted to the electors or have any effect."

Section 10 of the same article additionally provides with respect to the adoption of initiatives and referendums (the power of the electors to approve or reject statutes):

"(a)  An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise.  If a referendum petition is filed against a part of a statute the remainder shall not be delayed from going into effect.

"(b)  If provisions of 2 or more measures approved at the same election conflict, those of the measure receiving the highest affirmative vote shall prevail.

"(c)  The Legislature may amend or repeal referendum statutes.  It may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval.

"(d)  Prior to circulation of an initiative or referendum petition for signatures, a copy shall be submitted to the Attorney General who shall prepare a title and summary of the measure as provided by law.

"(e)  The Legislature shall provide the manner in which petitions shall be circulated, presented, and certified, and measures submitted to the electors."

In keeping with the constitutional directive, the Legislature has set forth various procedures to be followed in qualifying state initiative measures for the ballot.  (Elec. Code, §§ 9000-9035.)[1]  Before an initiative petition may be circulated for signatures (§§ 9020-9022), the proponents of the measure must submit it to the Attorney General for the preparation of a title and summary (§§ 336,

---

[1]All section references are to the Elections Code unless otherwise indicated.

2

9001-9004).  After the title and summary have been prepared, the petition may be circulated, and if it receives the requisite number of signatures of registered voters, it will be submitted to the electorate usually at the next general election.  (§§ 9020-9035.)

Our focus herein is on sections 9004 and 9005 which provide the time frame for the Attorney General to prepare a title and summary for an initiative measure.  Section 9004 provides in part:

"Upon receipt of a draft of a petition, the Attorney General shall prepare a summary of the chief purposes and points of the proposed measure.  The summary shall be prepared in the manner provided for the preparation of ballot titles in Article 5 (commencing with Section 9050), the provisions of which in regard to the preparation, filing, and settlement of titles and summaries are hereby made applicable to the summary.  The Attorney General shall provide a copy of the title and summary to the Secretary of State within 15 days after receipt of the final version of a proposed initiative measure, or if a fiscal estimate or opinion is to be included, within 15 days after receipt of the fiscal estimate or opinion prepared by the Department of Finance and the Joint Legislative Budget Committee pursuant to Section 9005.

"If during the 15-day period, the proponents of the proposed initiative measure submit amendments, other than technical, nonsubstantive amendments, to the final version of the measure, the Attorney General shall provide a copy of the title and summary to the Secretary of State within 15 days after receipt of the amendments."

Section 9005 provides:

"Notwithstanding Section 9004, the Attorney General, in preparing a title or summary for an initiative measure, shall determine whether the substance thereof if adopted would affect the revenues or expenditures of the state or local government, and if he or she determines that it would, he or she shall include in the title either the estimate of the amount of any increase or decrease in revenues or costs to the state or local government, or an opinion as to whether or not a substantial net change in state or local finances would result, if the proposed initiative is adopted.

"The estimates as required by this section shall be made jointly by the Department of Finance and the Joint Legislative Budget Committee, who shall deliver them to the Attorney General so that he or she may include them in the titles prepared by him or her.

"The estimate shall be delivered to the Attorney General within 25 working days from the date of receipt of the final version of the proposed initiative from the Attorney General, unless in the opinion of both the Department of Finance and the Joint Legislative Budget Committee a reasonable estimate of the net impact of the proposed initiative cannot be prepared within the 25-day period.  In the latter case, the Department of Finance and the Joint Legislative Budget Committee shall, within the

25-day period, give the Attorney General their opinion as to whether or not a substantial net change in state or local finances would result if the proposed initiative is adopted.

"Any statement of fiscal impact prepared by the Legislative Analyst pursuant to subdivision (b) of Section 12172 of the Government Code may be used by the Department of Finance and the Joint Legislative Budget Committee in the preparation of the fiscal estimate or the opinion."

The question presented for resolution concerns the time period when proponents of a state initiative measure may submit substantive amendments. Are the proponents restricted to one 15-day period after the initial submission of the measure to the Attorney General, or may they file amendments until the Attorney General has submitted the title and summary to the Secretary of State? Does the submission of an amendment during the initial 15-day period begin a new 15-day period for the submission of additional amendments? Is the 15-day period extended for measures that would affect revenues or expenditures? We conclude that the proponents are restricted to one 15-day period after the initial submission to the Attorney General.

In analyzing the provisions of sections 9004 and 9005, we are guided by several well established principles of statutory interpretation. "In construing a statute a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Bd. of Accountancy* (1992) 2 Cal.4th 999, 1012.) "'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning."'" (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562.) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "[A] statute . . . 'is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.'" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.) "If two constructions appear possible, we must adopt the one that leads to the most reasonable result." (*Industrial Indemnity Co.* v. *City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1008; accord, *Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 343.)

With these rules of construction in mind, we proceed to an examination of the individual terms of sections 9004 and 9005.[2] With respect to the wording of section 9004, we find that in the second paragraph thereof the proponents are granted a right to make substantive amendments to the "final version of the measure" during "the 15-day period." A review of the first paragraph of section 9004 discloses two possible 15-day periods. The first would be where no fiscal analysis of the measure is required, with the 15-day period beginning to run with the filing of the measure with the Attorney General. The alternative 15-day period begins to run after the Attorney General has received a fiscal

---

[2]We note that although the initiative and referendum powers of the electorate have existed in California since 1911, it was not until 1976 that the proponents of an initiative petition were granted a statutory right to amend their petition. (Stats. 1976, ch. 1278.)

estimate or opinion from the Department of Finance and the Joint Legislative Budget Committee for those measures requiring a fiscal analysis.

We reject the latter "15-day period" as the time period in which to file amendments to a proposed initiative measure. If this were the "15-day period," it would only be applicable to initiatives requiring a fiscal analysis. Proponents of an initiative measure without a fiscal impact would be denied the right to file *any* amendments, since the time period ("within 15 days after receipt of the fiscal estimate or opinion") would never begin to run. We cannot construe section 9004 in a manner that would produce such an unreasonable result.

Moreover, even with respect to those initiative measures having fiscal consequences, it would produce the absurd result of having the Director of Finance and the Joint Legislative Budget Committee complete their analysis before allowing the proponents an opportunity to submit substantive amendments. The amendments could thus cause the official revenue impact estimate to be grossly inaccurate. Again, such a construction of section 9004 would be unreasonable.

Consequently, the 15-day period during which the proponents of a proposed initiative measure may submit substantive amendments must be the "15 days after receipt of the final version of a proposed initiative measure" by the Attorney General. (§ 9004.) The "final" version is the same as the "draft" version submitted to the Attorney General for preparation of the summary, since it is the "final version" to which the proponents "submit amendments, other than technical, nonsubstantive amendments." (*Ibid*.)

No other 15-day period is mentioned in section 9004. Specifically, we note that the prescribed 15-day period is for the filing of one or more "amendments," i.e., all amendments. The statute does not say that a new 15-day period begins to run for filing amendments whenever the proponents file an amendment. We are not at liberty to add such language to the statute. Moreover, such a construction could result in never ending 15-day periods, with the Attorney General continuing to prepare summaries of proposals that later become "obsolete." Section 9004 may not be construed to require the performance of idle or meaningless acts. (See Civ. Code, § 3532; *Beverage* v. *Canton Placer Mining Co.* (1955) 43 Cal.2d 769, 777; *City of Stockton* v. *Stockton Plaza Corp.* (1968) 261 Cal.App.2d 639, 655; *Gross* v. *Raeburn* (1963) 219 Cal.App.2d 792, 807; *Wade* v. *Markwell & Co.* (1953) 118 Cal.App.2d 410, 430.)

Accordingly, we conclude that with respect to submitting substantive amendments to a proposed state initiative measure, the proponents are limited to one 15-day period following receipt of the draft petition by the Attorney General.

* * * * *