**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>     Plaintiff-counter-defendant-Appellant,<br><br>  v.<br><br>CITY OF MONTEBELLO, a California municipal entity,<br><br>     Defendant-counter-claimant-Appellee. | No.   15-56199<br><br>D.C. No. 2:14-cv-05374-SS<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>     Plaintiff-counter-defendant-Appellee,<br><br>  v.<br><br>CITY OF MONTEBELLO, a California municipal entity,<br><br>     Defendant-counter-claimant-Appellant. | No.   15-56263<br><br>D.C. No. 2:14-cv-05374-SS |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding

Submitted February 14, 2017[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,[***] District Judge.

The parties cross-appeal from the district court's order granting in part and denying in part Plaintiff-Counter-defendant Security National Insurance Company's (Security National) motion for summary judgment and denying Defendant-Counter-claimant City of Montebello's (Montebello) cross-motion for summary judgment.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse and remand to the district court.

Since the parties are familiar with the facts, we recite only as much as necessary to explain our decision.  Security National, as Montebello's excess liability insurer, tendered $550,000 to Montebello, an amount seemingly sufficient (with Montebello's self-insured contribution) to settle a lawsuit claiming racial discrimination brought by an employee of Montebello.  Montebello refused to

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

settle and rejected Security National's tender, arguing that the employee's settlement demand of $1.5 million, which provided for continuing employment, was made in bad faith in light of the employee's threats to sue for continuing discrimination and retaliation.

Security National then filed a declaratory judgment action against Montebello; Montebello counterclaimed; and both parties moved for summary judgment. The parties dispute the proper interpretation of Section VIII.J.4 of Security National's insurance policy, the "hammer clause." That clause allows the insurer to accept a "bona fide, good faith settlement demand . . . the payment of which would result in the full and final disposition" of the lawsuit. In that event, even if the settlement demand is not acceptable to the insured, the insurer can tender to the insured "an amount equal to the difference between [the insured's] retained limit, less incurred defense costs, and [the plaintiff's] settlement demand," and be discharged from liability.

The district court held that the employee's settlement demand was not made in "good faith" because it was not "realistically reasonable" that a rational employer would pay $1.5 million to end a lawsuit, but give in to a demand of continuing employment with threats of additional litigation arising from that employment. The district court therefore held that Security National could not invoke the hammer clause to terminate its liability as Montebello's excess insurer.

2

We review a district court's grant of summary judgment de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). The clear and explicit language of an insurance contract must be given effect. *State v. Cont'l Ins. Co.*, 281 P.3d 1000, 1004 (Cal. 2012). If ambiguities exist and are not eliminated by the language and context of an insurance policy, the ambiguities generally are interpreted against the insurer and in favor of the insured's reasonable expectations of coverage. *Id.* at 1005.

We disagree with the district court. The employee's $1.5 million settlement demand was made in good faith. It was substantially less than previous offers, and it was made honestly, without intent to defraud, and according to reasonable standards of fair dealing. *See People v. Nunn*, 296 P.2d 813, 818 (Cal. 1956).

The settlement offer also would have resulted in a full and final disposition of the employee's claims against Montebello, for it included an offer to dismiss the action with prejudice and a general release covering acts and omissions through the date of settlement and all claims made or that could have been made in the action. *See Torrey Pines Bank v. Sup. Ct.*, 265 Cal. Rptr. 217, 221 (Ct. App. 1989) ("Dismissal with prejudice is determinative of the issues in the action and precludes the dismissing party from litigating those issues again."). The employee, notwithstanding continuing employment, would not have been able to sue for infringements of the same right, concerning substantially the same evidence, and

3

arising from the same nucleus of facts. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993).

Montebello argues that it acted reasonably in refusing a settlement offer conditioned on the employee's continuing employment. However, the hammer clause does not limit the insurer's right to invoke the clause to instances where the insured was unreasonable in rejecting an offer. To hold otherwise would impermissibly rewrite the hammer clause to the policyholder's benefit. *See Hoyt v. St. Paul Fire & Marine Ins. Co.*, 607 F.2d 864, 867 n.1 (9th Cir. 1979) ("[W]hen a policy's meaning and intent are clear, it is not the prerogative of the courts to create ambiguities where none exist or to rewrite the contract in attempting to avoid harsh results.") (internal quotation marks and citations omitted); *cf. Freedman v. United Nat. Ins. Co.*, No. CV 09-5959 AHM CTx, 2011 WL 781919, at *4 (C.D. Cal. Mar. 1, 2011) (unpublished) (consideration of whether insured's rejection of settlement was reasonable where clause provided that insured's consent could not be "unreasonably withheld").

Montebello argues also that Security National's tender was inadequate because it failed to include the full amount of defense costs incurred by Montebello, as required by the hammer clause. However, as the district court held, Montebello's outright repudiation of Security National's right to invoke the hammer clause made it clear that Montebello would have refused *any* tender, even

4

if it included the full amount of defense costs incurred by Montebello. We agree. *See Beverage v. Canton Placer Mining Co.*, 278 P.2d 694, 700 (Cal. 1955) ("The law does not require the performance of an idle act, and a formal tender of performance is excused by the refusal in advance of the party to accept the performance owing."); *Hossom v. City of Long Beach*, 189 P.2d 787, 791 (Cal. Ct. App. 1948) ("A tender is not necessary where the declarations of the offeree are such as to indicate that the actual offer of money will be rejected; the law does not require a man to do a vain and fruitless thing; a strict and formal tender is not necessary where it appears that if it had been made it would have been refused.").

The case is remanded to adjust the amount of Security National's tender to provide for the full amount of fees and expenses incurred by Montebello through the date of tender, and for such other proceedings as are consistent with our rulings.[1]

**REVERSED AND REMANDED.**

---

[1] We grant Security National's motion to take judicial notice of two judicial documents created after the district court's judgment: the final judgment in favor of the employee against Montebello in the amount of $935,151, and the employee's motion for attorneys' fees in the amount of $1,932,695.62. Security National argues that this information is relevant to the issue of a good faith settlement offer.