[L. A. No. 12526. In Bank.—May 1, 1931.]

J. E. WRIGHT, Respondent and Cross-Appellant, v. L. W. WILSON COMPANY, INC. (a Corporation), Appellant and Cross-Respondent.

Theodore M. Stuart for Respondent and Cross-appellant.

Burns & Watkins and Wm. M. Conley for Appellant and Cross-respondent.

THE COURT.—Plaintiff and defendant both appeal from a judgment of the trial court rendered in an action brought by plaintiff against the defendant for damages for breach of contract to exchange real property. The jury brought in a verdict for plaintiff in the sum of $4,300. Defendant appeals from the entire judgment, contending that the only memorandum of the contract signed by it or its agent is insufficient to satisfy the statute of frauds. Plaintiff appeals only on the question of damages, alleging that the facts indicate that he was entitled to the sum of $20,800. By stipulation, both appeals have been consolidated on one record.

For purposes of convenience, the appeal of defendant will be considered first. The facts necessary to be set forth in reference to defendant's appeal are as follows:

On September 14, 1928, the defendant corporation delivered to plaintiff a memorandum in writing in words and figures as follows:

"Fresno, California,
"Sept. 14, 1928:

"Mr. J. E. Wright:

"We submit the following proposition: We will trade the following property: L. Street lots, Fulton Street lots, M. Street lots for the business building and lots 150 ft. sq. on the North East corner of Fulton Street and Inyo Street on the following terms:

"We will transfer and deed equity in our property and pay $29,300 cash for the equity in the Fulton and Inyo Property. It being understood that there is a mortgage of $75,000 against the Fulton and Inyo Property.

"Good 15 days from date—30 days for titles. No commissions to be paid by us—each party brings titles to date. Insurance taxes and rents prorated. All interest paid to date of transfer.

"L. W. WILSON COMPANY,
"(Signed) By L. W. WILSON."

The signing, execution and delivery of this offer to plaintiff is admitted by respondent. The sufficiency of this memorandum under the statute of frauds is the principal question presented on defendant's appeal.

Plaintiff testified, and, the verdict being in his favor, his testimony must be accepted on this appeal, that while Wilson was preparing this document, he requested Wilson to insert the lot and block numbers, to which Wilson replied that he had a new girl in the office and it would take too much time to look the records up. Wilson then requested plaintiff to have escrow instructions prepared, with the regular legal descriptions inserted. At the same time, Wilson told plaintiff that the property described in the offer was the property he had personally pointed out to plaintiff some time before.

On September 15, 1928, plaintiff secured from the title company certain escrow instructions. In these instructions the property involved was described in legal form. As described therein, it appears that the L Street lots included two and a fraction lots, the Fulton Street lots included three lots, and the M Street property included two lots, all in the city of Fresno, and located on L, Fulton and M Streets, re-

spectively. Plaintiff was permitted to testify that some time before September 14, 1928, he and Wilson had entered into negotiations in reference to these properties, and that Wilson had taken him to the properties involved and pointed them out. These negotiations had not materialized into any definite agreement, but on September 13, 1928, negotiations were renewed, Wilson telling Wright that he was willing to exchange the properties they had formerly been discussing and which Wilson had pointed out to Wright, on the terms set forth in the written offer of September 14th. Plaintiff delivered the escrow instructions to the corporation on September 15, 1928, fully executed by the plaintiff. Although prepared for the signature of the defendant, they were never signed by it, although the corporation physically accepted the same.

On September 20, 1928, plaintiff delivered to defendant a formal written acceptance of the offer of September 14th, in which the three pieces of property were described as in the escrow instructions. Later the same day defendant served plaintiff with a written notice purporting to revoke its offer of September 14, 1928. Upon defendant's refusal to carry out the contract, plaintiff brought this action for damages.

In his amended complaint, plaintiff fully and completely pleaded the description of the property, as set forth in the escrow instructions, and pleaded the extrinsic facts necessary to identify the property. The answer of defendant denied most of the allegations of the complaint, and pleaded as defenses, first, that the description in the offer was insufficient, and secondly, that plaintiff misrepresented the property to be exchanged. This last defense has been practically abandoned on this appeal.

■ We are thus presented with the question as to whether the description contained in the offer of September 14, 1928, is sufficient to satisfy the statute of frauds, and whether the trial court properly admitted parol evidence to identify the property. The parol evidence, in addition to the facts already recounted, disclosed that the only property in which the defendant corporation had an interest on L Street in Fresno was the two and a fraction lots described in the escrow instructions and in the amended complaint; that the corporation owned no property on M

Street, but that one J. A. Benham, one of defendant's directors and stockholders, owned the property described in the escrow instructions and the amended complaint as the M Street property; that in regard to this propery Wilson had a power of attorney from Benham to sell or exchange this property; that on Fulton Street defendant corporation owned the three lots described in the escrow instructions and in the complaint, and, in addition, owned several other lots on Fulton Street.

Wilson, called as an adverse witness for plaintiff, testified that he had definite and specific parcels of property in mind when he prepared the memorandum or offer of September 14, 1928, and that when he wrote that the corporation would exchange the "L Street lots, Fulton Street lots, M Street lots" for the property of plaintiff, he meant and was intending to describe the very parcels of land described in the escrow instructions and in the amended complaint. In other words, it was admitted by Wilson that he intended to describe certain and specific property, and that both parties knew, from the description in the offer, what properties were intended to be included in the offer. When this fact is considered in relation to the fact that Wilson had taken plaintiff to the property and pointed it out to him, we are of the opinion that the description found in the offer was sufficient to permit the introduction of parol evidence to more particularly identify the property.

The rules governing the sufficiency of the description of property in executory contracts to sell or exchange real property are well settled. Much less certainty and particularity of description is required in the case of a contract than is required in the case of a deed. In *Johnson* v. *Schimpf*, 197 Cal. 43, at page 48 [239 Pac. 401, 403], the rule is stated as follows:

"It is now the general and well-established rule that less strictness in the description of property is demanded in a contract than in a deed in conveyance. In the construction of executory contracts of sale of real estate, courts have been most liberal and have sought, as far as consistent with established rules, to give effect to the intention of the parties in applying descriptions of property. The usual rigid construction given to deeds has not been adhered to in the character of contracts under consideration here. The

description may be supplemented by extrinsic evidence showing its application to particular property to the exclusion of all other property. Parol evidence is ordinarily admissible to show what property the parties intended to convey and it will be deemed that a contract adequately describes the property if it refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject-matter of the contract." (Citing many cases.)

Another recent case where the factual situation was very similar to that involved in this case is the case of *Russell* v. *Ramm*, 200 Cal. 348 [254 Pac. 532, 535]. That case involved the sufficiency of a description of real property in a broker's contract. The rule is settled that the same liberal construction applied to broker's contracts likewise applies to contracts to sell or exchange real property. In the Ramm case, the description was as follows:

> "Name     Charles Ramm.
> 60 acres    $120,000
> Located one mile from Dinuba"

After quoting from several cases holding that similar descriptions have been held sufficient, the court, at page 369, stated:

"Furthermore, it appears without contradiction in this case that one of the plaintiffs here, prior to the preparation of the listing card, or the signing of any agreement or authorization by Ramm, visited the premises in question and that the latter pointed out to him the precise real and personal property which he desired to put in the hands of plaintiffs to be sold. It further likewise appears that one of the Moores, before offering to purchase the properties, visited the premises and that Ramm not only showed him the real property which he had employed plaintiffs to secure a purchaser for, but also called his attention to the separate articles of personal property which were to be included in and go with the sale. It was not shown or pretended at the trial that Ramm owned any other real property situated one mile north of and from Dinuba. Moreover, the amended complaint, as we have seen, purports to describe the real property by township, range and sectional subdivision, and the same is admitted to be correct by the failure of the answer to controvert it either generally or

specifically. *From all these considerations it is clear that nobody connected with the transaction was at any time misled or under any misapprehension or uncertainty as to the particular properties referred to in the listing card.* It is the settled rule in this state 'as to particularity of description required in executory contracts to convey is extremely liberal in favor of their sufficiency. ■ The rule is that where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract, and the complaint must contain the averments of such extrinsic matter as may be necessary to render the description complete'. (*Marriner* v. *Dennison,* 78 Cal. 202 [20 Pac. 386].)'' (Italics supplied.)

Under the rules enunciated by these cases, and particularly the Ramm case, it is our opinion that the description here involved was sufficient, and that defendant's contentions to the contrary are without merit.

■ As stated above, plaintiff has likewise appealed, his appeal going simply to the amount of damages. Plaintiff offered testimony tending to show that if the deal had been consummated he would have made a profit of $20,800,— $4,300 in cash (the amount of the verdict) and the balance in property. Plaintiff pleaded these prospective profits as special damages, and likewise pleaded as special damages his loss of time, expense in preparing papers, etc. No question of general damages was involved, the evidence showing that plaintiff's properties were worth $8,000 more than the properties of defendant. The court specifically instructed the jury to this effect. Plaintiff concedes this to be correct. On the question of special damage, the court completely and fully instructed the jury as to when and under what circumstances such special damage could be recovered, and particularly instructed the jury as to the elements of proof necessary in order that prospective profits could be recovered. Evidently the jury believed that the plaintiff had satisfied this burden in respect to some of the items involved, but not in respect to the others. In such a situation, the verdict of the jury is conclusive on this appeal.

For the foregoing reasons, the judgment appealed from is affirmed.

Rehearing denied.