[Civ. No. 431. Fourth Appellate District.—August 24, 1931.]

GRACE BAKER DIFFENDORF et al., Respondents, v. E. G. PILCHER et al., Defendants; MURRAY INNES, Appellant.

Honnold & Hubbell for Appellant.

Herbert C. Kelly for Respondents.

JENNINGS, J.—Plaintiffs instituted the present action alleging in their complaint that they owned and held legal title to a large number of parcels of real property specifically described and that defendants claimed some interest in said property adverse to plaintiffs' ownership, which claims of interest were alleged to be without legal right, constituting clouds upon the title of plaintiffs. Plaintiffs prayed to have their title quieted against defendants and that it be decreed that they are the rightful owners of the land. Defendant Murray Innes answered the complaint, admitting that he claimed an interest in the real property described in plaintiffs' complaint by reason of the execution of a certain agreement between himself and plaintiffs whereby plaintiffs agreed to sell to him the land in question for a certain consideration, alleged that the agreement was in full force and effect and that plaintiffs had failed, neglected and refused to furnish a deed and certificate of title to the property and prayed that the action be dismissed.

The trial of the action resulted in a judgment in favor of plaintiffs quieting the title of plaintiffs to the land described in the complaint. From the judgment so rendered defendant prosecutes this appeal.

The sole question involved in this appeal relates to the sufficiency of the description of the real property contained in the agreement entered into between the parties on February 18, 1926. This description is as follows:

"The ranch belonging to said first parties located at Sorrento, in the Soledad Valley, San Diego County, California, a portion of said ranch being located in the City Limits of the City of San Diego, said ranch containing approximately one thousand acres of land and being commonly known as the Baker Ranch."

It is the general rule that less strictness in the description of property is demanded in a contract than in a deed of conveyance (*Wright* v. *L. W. Wilson Co.*, 212 Cal. 569 [299 Pac. 521]; *Russell* v. *Ramm*, 200 Cal. 348, 369 [254 Pac. 532]; *Johnson* v. *Schimpf*, 197 Cal. 43, 48 [239 Pac. 401, 403]). As was said in *Johnson* v. *Schimpf, supra:*

"In the construction of executory contracts of sale of real estate, courts have been most liberal and have sought, as far as consistent with established rules, to give effect to the intention of the parties in applying descriptions of property. The usual rigid construction given to deeds has not been adhered to in the character of contracts under consideration here. The description may be supplemented by extrinsic evidence showing its application to particular property to the exclusion of all other property. Parol evidence is ordinarily admissible to show what property the parties intended to convey and it will be deemed that a contract adequately describes the property if it refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject matter of the contract. (*Preble* v. *Abrahams*, 88 Cal. 245 [22 Am. St. Rep. 301, 26 Pac. 99]; *Marriner* v. *Dennison*, 78 Cal. 202 [20 Pac. 386]; *Sparks* v. *Hess*, 15 Cal. 186; *Lange* v. *Waters*, 156 Cal. 142 [19 Ann. Cas. 1207, 103 Pac. 889]; *Towle* v. *Carmelo L. & C. Co.*, 99 Cal. 397 [33 Pac. 1126]; *Carr* v. *Howell*, 154 Cal. 372 [97 Pac. 885]; *Estate of Garnier*, 147 Cal. 457 [82 Pac. 68]; *California Packing Corp.* v. *Grove*, 51 Cal. App. 253 [196 Pac. 891])."

The test which is here to be applied, therefore, is whether the above-quoted language of the contract refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject matter of the contract.

It is to be observed that appellant's answer does not contain an allegation of extrinsic facts in aid of the description

in the contract. The only allegation in the answer which in any manner attempts to do so reads as follows:

"V. Defendant further alleges that the lands described in said contract herein referred to include with other lands, the lands described in Paragraph One of plaintiffs' complaint herein . filed, and that said lands were shown and designated by the plaintiffs herein to this defendant at the time of the making of said contract and identified between the parties hereto."

It will be noted that it is therein alleged that the lands described in the contract include *with other lands* the real property described in respondent's complaint. So indefinite an allegation can hardly be said to furnish the proper aid contemplated in *Marriner* v. *Dennison,* 78 Cal. 202, 210 [20 Pac. 386]. It is further alleged that, at the time the contract was entered into, the lands covered by the contract were shown and designated by respondents to appellant and that they were at that time identified between the parties to the contract. It is apparent that the identification of the land at the time the parties entered into the agreement is the important factor to be considered and it was so recognized throughout the trial of the action.

With respect to this vital feature of the case the evidence of respondents shows that, at the time the contract for the sale of the property was entered into, but one ranch line was pointed out to the appellant by respondent Grace Baker Diffendorf. Evidence was produced by appellant showing that the husband of Grace Baker Diffendorf on this same occasion pointed out to appellant the boundary line of different tracts comprising the holdings of respondents and various other lines and natural features relating to the boundaries of the property, and endeavored in a general way to indicate the land. That whatever identification of the property as was there made was general and uncertain is indicated by the fact, appearing in evidence, that appellant, some time subsequent to the making of the agreement, discovered to his surprise that a tract comprising 320 acres formerly owned by him was included in what was described in the agreement as the "Baker ranch". It further appears from the evidence that respondents did not themselves know just what tracts they owned at the time of the making of the contract and that the land described in the contract as

the Baker ranch had been gradually formed by the acquisition by respondents and their father of a large number of separate tracts over a period of approximately thirty years. It further appears that not all of these various tracts are contiguous one to another, the most notable exception being the 320-acre tract heretofore referred to which lies about half a mile from the main body of the land.

Under the state of facts disclosed by the record herein and particularly those hereinabove mentioned, it would appear that the description of the land contained in the contract fails to meet the test laid down in *Johnson* v. *Schimpf, supra,* and that the trial court's conclusion that the contract was fatally uncertain is correct.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.