[Civ. No. 15277.   First Dist., Div. One.   Nov. 3, 1952.]

UNITED TRUCKMEN, INC., Appellant, v. ERNEST LORENTZ, SR., et al., Respondents.

Rankin, Oneal, Luckhardt, Center & Hall and J. E. Longinotti for Appellant.

Bohnett, Hill, Cottrell & Bohnett and L. D. Bohnett for Respondents.

BRAY, J.—In an action for specific performance of a contract for sale of real property, judgment went for defendants.  Plaintiff appeals.

## Questions Presented

1. Was the description of the real property indefinite?
2. If so, was it so indefinite as to exclude the admission of parol evidence?

## Facts

Defendant Ernest Lorentz, Sr., agreed to sell and plaintiff to buy certain real property in Santa Clara County. The agreement was in the form of a "Deposit Receipt." The property is described as "the following described property, situate in the County of Santa Clara, California: The southerly portion of that certain property being under the name of Ernest Lorentz Sr. and bounded on the East by South Tenth Street and on the South by the Western Pacific Railroad, being about 275 feet on South Tenth Street by approximately 500 feet deep, containing about 3 acres. . . . The total purchase price is Nine Thousand ($9,000.00) Dollars. . . ." The property belongs to both defendants as joint tenants. No point is made in the case that the agreement to sell was signed only by the husband. When the seller refused to go through with the sale, plaintiff sued both defendants for specific performance. At the trial, plaintiff offered the deposit receipt in evidence, but the court sustained an objection to its admission on the ground that the description in it was uncertain and it could not be determined therefrom what land was intended to be sold.

The whole property, of which that sold was a portion, is approximately 10½ acres and is the only property of defendants or either of them in the vicinity of South Tenth Street and the Western Pacific Railroad. The property does not run directly north and south, but on an angle running northwesterly and southeasterly. It is bounded on the south by the Western Pacific Railroad. This southerly line is 500.05 feet long. It is bounded on the east by South Tenth Street. A surveyor, called by defendants, testified that it would be impossible to identify the "about 3 acres" mentioned in the receipt. He did testify that if in determining the easterly boundary "you would say a flat three acres and 275 feet on Tenth Street," there would not be any trouble with the description. He pointed out that taking a point on South Tenth Street 275 feet northerly from the southerly boundary (the Western Pacific Railroad) and running a line geographically west from that point would result in an area southerly of that line of approximately 6.11 acres, and the northerly line

of the area would be considerably longer than 500.05 feet. Running the line from that point westerly and parallel with the northerly line of the whole tract would result in an area southerly of that line of approximately 3.59 acres. The northerly line of that area would be shorter than 500.05 feet. Running the line westerly and parallel to the southerly line of the tract would result in an area southerly of that line of approximately 3.11 acres. This latter parallelogram would be 500.05 feet on its southerly boundary (the Western Pacific Railroad), 275 feet on Tenth Street, its easterly boundary, 500.05 feet on its northerly boundary, and 275 feet on its westerly boundary (the westerly boundary of the whole tract). Such a parallelogram would come very close to meeting the description given, being "*about* 275 feet on South Tenth Street by *approximately* 500 feet deep, containing *about* 3 acres."*

Real estate agent Cancilla had been asked by plaintiff to find a suitable lot for it. Cancilla contacted defendant Ernest Lorentz and was authorized by him to sell a portion of his property to plaintiff. Cancilla drew up the receipt agreement and it was signed by both plaintiff and defendant Ernest. The latter signed an agreement to pay Cancilla a commission on the sale. At the trial, plaintiff attempted to question both Cancilla and defendant Ernest about the circumstances surrounding the execution of the agreement as they related to the description and its meaning, but defendants' objection thereto was sustained by the court on the ground that the description was too uncertain to permit parol testimony concerning it. Plaintiff then offered to prove that the description was prepared by Cancilla as agent for defendant Ernest. An objection to this evidence was sustained.

### 1. *Is the Description Indefinite?*

We are not convinced that it is. The main parcel is easily identifiable. It is the only property at South Tenth Street and the Western Pacific Railroad in the name of Ernest Lorentz, Sr. A surveyor going to that piece of property and finding that its easterly boundary is South Tenth Street, its southerly boundary is the Western Pacific Railroad, and that boundary is 500.05 feet long, would be entitled to consider that distance the "approximately 500 feet deep" mentioned in the agreement. He would be entitled to assume the northerly boundary to be the same length as the southerly boundary

---

*All italics added, unless otherwise noted.

(the westerly and easterly boundaries of the main tract are parallel) because the area sold is "approximately 500 feet *deep*." Then he would be authorized to take 275 feet (although expressed "*about* 275 feet") as the easterly and westerly boundaries. (See *Wise* v. *Burton*, 73 Cal. 166 [14 P. 678], where the court disregarded the word "about" in the description of a distance.) This gives a tract of 3.11 acres, "about 3 acres." This is a reasonable and logical application of the description. The agreement shows on its face that the property sold does not contain *exactly* 3 acres (it says "*about* 3 acres"). The defendants contend that the purchase price was $3,000 per acre (a statement to that effect was originally in the deposit receipt but was stricken out) and that therefore the defendants could not have contemplated selling 3.11 acres for $9,000. This, however, would be a matter for the court to consider in connection with the circumstances developed concerning the meaning of the ambiguous words.

2. *Parol Evidence.*

Assuming, however, that the agreement is ambiguous, we can see no reason why parol evidence should not be admitted (if it exists) to explain what the parties meant by the terms "*about* 275 feet," "*approximately* 500 feet *deep*," and "*about* 3 acres." Certainly, if those terms are cleared up there would be nothing indefinite or uncertain about the description, nor would there be any adding to or varying of the description. We, of course, have no way of knowing what the parol evidence will show. If it shows that by those terms was meant a tract 500.05 feet in depth, the length of the southerly boundary (which is definitely set forth as the Western Pacific Railroad), by 275 feet in width, there would be no uncertainty in the description. On the other hand, if something else was intended which makes an indefinite or uncertain description, then the court would have to so find.

*Johnson* v. *Schimpf*, 197 Cal. 43 [239 P. 401], sets forth the test of the sufficiency of the description in an executory contract for the sale of real estate, and the admissibility of parol evidence concerning it, together with a list of authorities on the subject. "It is now the general and well-established rule that less strictness in the description of property is demanded in a contract than in a deed of conveyance. In the construction of executory contracts of sale of real estate, courts have been most liberal and have sought, as far as consistent with established rules, to give effect to the intention

of the parties in applying descriptions of property. The usual rigid construction given to deeds has not been adhered to in the character of contracts under consideration here. The description may be supplemented by extrinsic evidence showing its application to particular property to the exclusion of all other property. Parol evidence is ordinarily admissible to show what property the parties intended to convey and it will be deemed that a contract adequately describes the property if it refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject matter of the contract (*Preble* v. *Abrahams,* 88 Cal. 245 [26 P. 99, 22 Am.St.Rep. 301]; *Marriner* v. *Dennison,* 78 Cal. 202 [20 P. 386]; *Sparks* v. *Hess,* 15 Cal. 186; *Lange* v. *Waters,* 156 Cal. 142 [103 P. 889, 19 Ann.Cas. 1207]; *Towle* v. *Carmelo L. & C. Co.,* 99 Cal. 397 [33 P. 1126]; *Carr* v. *Howell,* 154 Cal. 372 [97 P. 885]; *Estate of Garnier,* 147 Cal. 457 [82 P. 68]; *California Pac. Corp.* v. *Grove,* 51 Cal.App. 253 [196 P. 891])." (P. 48.) See, also, *Wright* v. *L. W. Wilson Co., Inc.,* 212 Cal. 569 [299 P. 521], and *Ralston* v. *Demirjian,* 86 Cal.App.2d 124 [194 P.2d 41]. In the Wright case the property is described in the contract to exchange real property merely as "L. Street lots, Fulton Streets Lots, M. Street lots . . ." After referring to the rule in the Johnson case, above quoted, the court quoted from *Marriner* v. *Dennison,* 78 Cal. 202 [20 P. 386] (as quoted in *Russell* v. *Ramm,* 200 Cal. 348 [254 P. 532]): " '. . . The rule is that where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract . . .' "; held the description sufficient, and that the trial court properly admitted parol evidence to identify the property. In the Ralston case the action was for a real estate commission for the sale of property described as a 20-acre vineyard located on the southwest corner of Dinuba Avenue and Highway 99 in Fresno County. " 'The seller will take out only two acres from the corner for the gas station and other business. The boundary line of the 20 acres shall start 50 feet from the farthest Bldg. on the 99 Highway side.' . . . The contract also contained a marginal recital as follows: 'The total acreage being 22 ac. the seller will retain only 2 ac. on the corner, leaving 20 ac. for the buyer.' " (P. 125.) Defendants, sellers, had refused to go through with the sale because of the uncertainty in the description of the 2 acres reserved. A survey

showed that the entire ranch contained only 19¾ acres and "that the boundary did not start at Dinuba Avenue and Hiway 99 but commenced at the center line of the Fowler Switch Canal where it intersects the state highway, and that 1¾ acres of the property was located across Dinuba Avenue." Quoting the above statement from the Johnson case, the court held the description sufficient. A similar case is *Russell* v. *Ramm, supra,* 200 Cal. 348, where the only description was "Name Charles Ramm 60 acres $120,000 Located one mile from Dinuba" (P. 354.) Parol evidence was admitted to show the land intended. The court quoted the statement above set forth from *Marriner* v. *Dennison,* 78 Cal. 202 [20 P. 386]. It also referred to the descriptions considered in other California cases and stated (p. 369): "These descriptions were held to be sufficient in written instruments involving transactions of the character of the one here *or in executory contracts relating to the transfer of real property,* and in none of them was the description of the real property more definite than that of the real property in the listing card in this case."

Defendants rely on *Marriner* v. *Dennison, supra,* 78 Cal. 202. Interestingly enough, it supports their position only in the fact that it held the description in the exchange agreement insufficient only because the plaintiff there had failed to set forth in his complaint the true description. The property to be exchanged for certain Massachusetts property was described in the agreement as certain numbered lots in defendant's subdivision of the Magee tract. The city, county, state or country where this tract was situated was not mentioned. The court endorsed the rule which we are applying here, namely, "The rule is, that where the description, so far as it goes, is consistent but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract. . . ." (P. 207.) But because a part of the rule is, "and the complaint must contain the averments of such extrinsic matter as may be necessary to render the description complete" (p. 207), and the complaint did not contain such averments, the court denied recovery. (Incidentally, the complaint in our case contains the necessary averments.) *Smith* v. *California Portland Cement Co.,* 134 Cal.App. 630 [25 P.2d 1013], cited by defendants, merely holds that where a surveyor testified that it was not possible from the description in the deed to locate on the ground the land imperfectly

described therein, and "No evidence to the contrary was offered" (p. 632), "nor did the appellants offer any proof which would have made the deed, if admitted, of any value to them" (p. 632), the trial court was justified in refusing to admit the deed in evidence. In *Scott* v. *Woodworth*, 34 Cal.App. 400 [167 P. 543], the description was completely vague and uncertain and in nowise comparable with the description in our case. Our description, at its worst, comes within the following statement in that case (p. 409) : "It is true that the description by boundaries may be ambiguous or indefinite and still the deed sufficient if it otherwise provides means whereby the description can be made certain and the land identified and located."

In *Gordon* v. *Perkins*, 108 Cal.App. 336 [291 P. 644], also cited by defendants, the description was "N.E. $\frac{1}{4}$ of N.E. $\frac{1}{4}$ of Section 35, 11/17. . . ." No designation of the township or range, county or state was mentioned. The court held that in view of the statute of frauds this description did not furnish a sufficient foundation for the admission of extrinsic evidence. However, it stated (p. 340) : " '. . . it is sufficient as regards subject matter, where it furnishes a sufficient foundation for the admission of extrinsic evidence to apply the description and by means of such evidence the particular tract of land which is the subject matter of the agreement may be identified and located to the exclusion of all others.' " The description in our case comes within the latter rule.

Defendants cite *Thompson* v. *McKenna*, 22 Cal.App. 129 [133 P. 512], for the proposition that this court is bound by the court's finding in our case that the description is so indefinite as not to permit parol evidence concerning it. The Thompson case does not so hold. In fact it supports plaintiff's contentions here. The deed description being considered stated that the land was in Ventura County and was the "west half of the southwest quarter of section 12, No. 31, containing 70 acres, more or less." The court said (pp. 131-132) : "This description standing alone is *prima facie* insufficient as a means of identifying the land intended to be conveyed. Notwithstanding this fact, plaintiff was entitled to show by extrinsic evidence that it was in fact sufficient as a means of such identification. 'Any description by which the property may be identified by a competent surveyor, with reasonable certainty, either with or without the aid of extrinsic evidence, will be sufficient.' (*Law* v. *People*, 80 Ill. 268; *Best* v. *Wohlford*, 144 Cal. 733 [78 P. 293].) Parol evidence is admissible,

not for the purpose of adding to or varying the description contained in the deed, but for applying the description to that part of the surface of the earth which is the subject matter of the deed.'' It was concerning this evidence that the court then stated (p. 132) : ''Whether or not such evidence is sufficient to show that the land can be identified with reasonable certainty is a question of fact for the trial court.'' Had the court here admitted parol evidence to explain the ambiguous terms in the description, and had there been a conflict in the evidence or the reasonable inferences therefrom, this court would, of course, be bound by the court's findings. Here, on the evidence of the surveyor, there was no conflict. He testified, in effect, that by taking 275 feet on South Tenth Street, instead of ''*about* 275 feet,'' by the depth of 500.05 feet, the known length of the southerly line, referred to as ''about 500 feet,'' there would have been no difficulty in locating the tract. The court refused to permit evidence that such was the intent of the parties. In *Saterstrom* v. *Glick Bros. Sash etc. Co.*, 118 Cal.App. 379 [5 P.2d 21], the court held fatally defective a description in a deed of trust which failed to state the county in which the property was located. As pointed out in the authorities cited above, less strictness is required in a description in a contract than in a deed. Moreover, there is nothing in the opinion in that case which indicates that any offer of parol evidence was made. Therefore, there was nothing before the court by which it could determine what county was intended.

In our case, to determine by parol evidence what was intended by the parties when they said ''about 275 feet,'' ''approximately 500 feet deep'' and containing ''about 3 acres,'' is in no manner attempting to vary, to add to, or subtract from the terms of the written agreement, ''but it should be, and is admissible, to explain what the parties meant by what they said.'' (*Wells* v. *Wells*, 74 Cal.App.2d 449, 457 [169 P.2d 23].) ''It is to be remembered that 'that is certain which can be made certain.' '' (23 Cal.Jur. 436.)

In *Preble* v. *Abrahams*, 88 Cal. 245 [26 P. 99, 22 Am.St.Rep. 301], the agreement was to sell ''forty acres of the eighty-acre tract at Biggs.'' The court held that ''Parol evidence is always admissible to explain the surrounding circumstances, and situation and relations of the parties, at and immediately before the execution of the contract, in order to connect the description with the only thing intended, and thereby to identify the subject matter, and to explain all technical terms

and phrases used in a local or special sense" (p. 250) and held proper the admission by the trial court of parol evidence to show the particular 40 acres intended by the parties. See, also, *Towle* v. *Carmelo L. & C. Co.*, 99 Cal. 397 [33 P. 1126].

There are cases in which the descriptions of the lands sold were so indefinite and uncertain that the courts held the statute of frauds applied to the contract and that parol evidence was not admissible because, in effect, such evidence would vary, contradict or add to the terms of the written agreement. In *Craig* v. *Zelian*, 137 Cal. 105 [69 P. 853], the description was "a strip of land in front of Golden Rule Store and Stent Market." As said by the court in upholding the refusal of the trial court to permit parol evidence of what was meant (p. 106), "The land was not inclosed or in any mode designated upon the ground. How far it is located from the Golden Rule Store, or the width of the 'strip,' or its length, is not given, and it must be held that there is no description of the land intended to be conveyed." It is obvious that this description is so vague that to make it definite and certain would require practically a complete new description. This case and others of similar holdings are distinguishable from ours in that very fact. *Ellis* v. *Klaff*, 96 Cal.App.2d 471, 476 [216 P.2d 15], contains a well supported discussion of the requirements of both the parol evidence rule and the statute of frauds. "The evidentiary consequences of the statute of frauds (Civ. Code, § 1624) are in many respects similar to those of the parol evidence rule (Code Civ. Proc., § 1856). Both require exclusion of extrinsic evidence which would vary, contradict, or add to the terms of the written agreement under consideration (*Craig* v. *Zelian*, 137 Cal. 105 [69 P. 853], statute of frauds; . . ." (Pp. 475-476.) The Craig case and other similar cases come within this rule. ". . . both permit reception of such evidence to identify the subject matter of the contract from the written description, explain the meaning of ambiguous, abstruse, or technical expressions, and assist in interpreting the expressed intentions of the parties in the light of circumstances existing at the time of execution." (*Ellis* v. *Klaff, supra,* at p. 476.) Our case comes within this rule. The court should have received evidence of the surrounding circumstances of the execution of the agreement which might lead to an understanding of the terms used and to an identification of the property.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.