[Civ. No. 20700. Second Dist., Div. One. Aug. 22, 1955.]

SEQUOIA INVESTMENT CORPORATION (a Corporation), Appellant, v. DORIS PAILLARD, Respondent.

Harry G. McMahon for Appellant.

Claude L. Welch for Respondent.

WHITE, P. J.—Plaintiff instituted this action to compel specific performance of a written contract to convey certain

real property. Defendant was the owner and in possession of a parcel of real property situated in the city of Monterey Park, county of Los Angeles, described as "Lot 362 of Ramona Acres Plat No. 2." On April 16, 1952, plaintiff and defendant entered into a written agreement under the terms of which defendant agreed to sell for $1,000 and plaintiff agreed to buy "Lot 362 Ramona Acres, Plat No. 2 . . . property purchased will be described later and is to include all portions of said lot lying westerly of the existing wire fence." Contemporaneously with the execution of said agreement, plaintiff paid to defendant the sum of $200 as part payment on the purchase price.

On April 25, 1952, an escrow was opened wherein the following instructions were given:

"Lot 362 of Ramona Acres Plat No. 2, except the easterly . . . feet thereof, measured along the southerly line of said lot . . . which land is more particularly described as all portions of vacant land lying west of existing wire fence. Exact legal description will be later approved by buyer and seller."

After execution of the foregoing agreement of April 16, 1952, plaintiff immediately went into possession of and commenced to improve the property by shoring up the large concrete flood control conduit crossing the property and proceeding to have the property filled, i. e., the ground level was raised from 20 to 25 feet as the property formerly was part of an old wash or arroyo paralleling Atlantic Boulevard on the east, south of Garvey, in the city of Monterey Park.

Plaintiff alleged in its complaint that the balance due on said agreement in the sum of $800 was deposited with the escrow holder. It was also alleged on information and belief that the property here in question was encumbered by a deed of trust dated August 28, 1950, to secure an original indebtedness of $6,500 to Guy F. and Blanche B. Williams, husband and wife, as joint tenants. That plaintiff on several occasions demanded that defendant execute and deliver to the escrow holder a conveyance covering said property but that defendant, without just or reasonable cause, refused so to do. Judgment was prayed for that defendant be required to convey to plaintiff the above mentioned property subject to any indebtedness secured by the foregoing trust deed.

By her amended answer defendant denied that she ever entered into an agreement to sell plaintiff the aforesaid real property, denied execution of any written agreement in

connection therewith, and denied generally the other allegations of plaintiff's complaint. In her answer defendant alleged that on or about April 16, 1952, she entered into an oral agreement with John R. Armetta (concededly an agent of plaintiff) by which she agreed to sell the above mentioned property "upon condition that the said Armetta would obtain from the holders of a trust deed upon the whole of said property, a reconveyance of that portion which the said Armetta agreed to buy; that said Armetta agreed to obtain said partial reconveyance as a condition precedent to the effectiveness of said agreement to sell; that said agreement was never reduced to writing and no note or memorandum thereof was ever made; that in furtherance of said agreement this defendant signed certain escrow instructions, a copy of which is attached to the complaint herein, and accepted from the said Armetta an initial payment of $200.00 on account of the agreed sale price of said property in reliance upon the said Armetta's promise to obtain said partial reconveyance." That said reconveyance was not obtained and that defendant, on October 11, 1952 and again on December 15, 1952, returned said $200 to Mr. Armetta and notified him that her "proposition to sell was withdrawn." By way of a second and separate defense defendant pleaded that plaintiff's cause of action was barred by laches, while in a third such defense rescission of the aforesaid agreement was pleaded.

Following trial the court found that defendant was the owner of the property here in question; that on April 16, 1952 plaintiff and defendant "signed a document reciting that for a consideration of $1,000.00, said defendant would sell to plaintiff an undescribed portion of said property, to be 'described later.' " That on April 25, 1952, an escrow was opened by plaintiff in which it signed escrow instructions authorizing the escrow company to pay defendant the sum of $800 as the balance on the purchase price of said property; that subsequently defendant signed the escrow instructions authorizing the escrow company to proceed with said escrow but, "that said escrow instructions did not describe the property to be conveyed." The court further found that at the time plaintiff paid to defendant the $200 as a part payment on account of the agreed purchase price of $1,000, "said defendant made it an express condition of said sale that plaintiff secure the approval of parties holding a Deed of Trust against the entire parcel above described, for the balance of the purchase price, and an agreement by them to release from the

Deed of Trust that portion which plaintiff desired to purchase; that plaintiff accepted said condition.'' It was further found that said condition was never fulfilled by plaintiff; that no adequate legal description of the property to be conveyed was ever made a part of said escrow instructions, and that the latter ''contained a latent ambiguity.'' That at no time prior to filling the action herein was plaintiff ''able and willing to meet the conditions prescribed by said defendant as a prerequisite to a sale of said property.'' That defendant on two occasions attempted to return the partial payment of $200 to plaintiff who refused the same.

By reason of the foregoing findings the court entered the following conclusions of law:

''(1) No enforcible contract existed between plaintiff and defendant Doris Paillard for the sale of the property referred to in the Complaint; . . .'' Judgment was accordingly entered for defendant and plaintiff prosecutes this appeal therefrom.

As a first ground for reversal appellant challenges as unsupported by the evidence the findings that the property agreed to be conveyed was not described or was not sufficiently described to entitle appellant to prevail in an action for specific performance of a contract for the sale of the property in question. We think the position of appellant has merit.

It is true, as maintained by respondent, that an agreement for the sale of real property must not only be in writing, subscribed by the party to be charged, but the writing must also contain such a description of the property agreed to be sold that it can be identified with reasonable certainty. In the instant case the agreement identified the property as ''Lot 362 Ramona Acres Plat No. 2 . . . and is to include all portions of said lot lying westerly of the existing wire fence,'' while the escrow instructions, in addition to the description just noted, contained the following language: ''which land is more particularly described as all portions of vacant land lying west of existing wire fence.'' That respondent had no misgivings regarding the property to be sold is evidenced by a portion of the letter with which she returned to appellant the down payment and wherein she said, ''Concerning the sale of a portion of Lot 362 of Ramona Acres Plat No. 2, except the north 50 feet of the west 150 feet thereof.'' There was also introduced into evidence at the trial what was stipulated to be a correct map showing the property in question, while the witness Mr. Armetta (respondent's agent) testified

that the easterly boundary line of the land agreed to be purchased by the appellant and sold by the respondent was marked by an existing fence, and he further testified without contradiction that the fence line was the easterly line of the property which is the subject matter of the suit. The other boundaries are existing lot lines. While parol evidence may not be introduced for the purpose of ascertaining and locating the land about which the parties negotiated and a description thereof which they have omitted from the writing, nevertheless, under the liberal rule now prevailing with reference to indefinite descriptions, the sufficiency of the description may be established where for instance identification may be readily made by a competent surveyor with reasonable certainty. And, when this is possible, either with or without the aid of extrinsic evidence, the description is sufficient (*McKevitt* v. *City of Sacramento*, 55 Cal.App. 117, 127 [203 P. 132] ; *Allen* v. *Stellar*, 106 Cal.App. 67, 71 [288 P. 855] ). We are satisfied that under the pleadings and the evidence adduced at the trial, it was error for the trial court to find and determine that the description of the property was insufficient and that there was a latent ambiguity in the escrow instructions. Both in the pleadings and by substantial and uncontradicted evidence appellant met the burden imposed upon it as to certainty of description concerning the property to be sold.

 We are also satisfied that the court's finding that at the time the document dated April 16, 1952, was signed, respondent made it an express condition of said sale that appellant would secure a reconveyance from the beneficiaries of the deed of trust encumbering all of respondent's property, is supported by substantial evidence. In fact the record reflects that both appellant's agent, Mr. Armetta, and respondent made efforts to secure such reconveyance but without success. However, we are persuaded that there is merit in appellant's contention that the condition precedent was clearly waived by both appellant and respondent. In a letter written on October 25, 1952, respondent Doris Paillard stated, ''It is my wish that the Sequoia people pay for an engineered survey of the property they want, and providing Mr. and Mrs. Williams acknowledge the survey and approve same *I am willing and then able to deliver title, with the cloud on the title as he, Mr. Armetta, recommends.*'' (Emphasis added.) At the trial it was admitted that appellant waived any right to receive the property free and clear of

the deed of trust in favor of Mr. and Mrs. Williams, and was willing to accept the property encumbered therewith. Respondent herein cannot defend the instant action on the ground that her title to the property is not so complete, because of the existing trust deed, as the one she agreed to convey. Appellant was entitled to enforce the contract with respect to the interest that respondent did own and to waive any deficiency in performance. In the instant case it is manifest that the vendee waived any defect in the vendor's title, and the latter waived whatever condition precedent was made a part of the agreement to sell. While it is true that no court could have required appellant to obtain the consent of the beneficiaries under the trust deed, to give a partial reconveyance, since the necessity for such reconveyance was waived by the vendee, the vendor could properly be required to convey what interest she had in the property. (*Miller* v. *Dyer*, 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1428].) No unperformed condition precedent remained at the trial. It had been waived. Other points raised have been considered but discussion thereof is unnecessary.

Since the judgment must be reversed, the court on a retrial may permit to be established by extrinsic evidence the description of that part of respondent's property which is the subject matter of the agreement. ▮ Of course, whether or not such evidence is sufficient to show that the land can be identified with reasonable certainty, is a question of fact for the trial court.

The judgment is reversed and the cause remanded.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied September 12, 1955, and respondent's petition for a hearing by the Supreme Court was denied October 19, 1955. Schauer, J., was of the opinion that the petition should be granted.