[Civ. No. 20168. First Dist., Div. Two. Dec. 21, 1961.]

RICO CALVI et al., Plaintiffs and Appellants, v. MRS. ESTLE BITTNER, Defendant and Respondent.

314

Leon J. Libeu for Plaintiffs and Appellants.

Thiele & Loughborough for Defendant and Respondent.

AGEE, J.—Plaintiffs, husband and wife, appeal from an adverse judgment entered upon the sustaining of a general demurrer to their complaint, without leave to amend. The complaint seeks (1) reformation and specific performance of a deposit receipt agreement for the sale of land to them by defendant, together with damages sustained as a result of defendant's refusal to perform, and (2) for damages in lieu of specific performance if the latter cannot be had.

The basis of the lower court's ruling, as stated in its memorandum, is that the description of the land as contained in the agreement is too indefinite and uncertain to permit specific performance or damages.

The agreement recites that the land is situated in Section 33, Township 7 North, Range 10 West, M.D.B.&M., in the

County of Sonoma, State of California, and is described as follows: "Real property and improvements thereon, as is, where is, as particularly described under OR 1592-471 and AP 73-28-12, saving and excepting therefrom 1 acre in the southeast corner, and approximately 2½ acres in the northeast corner, leaving approximately 139 acres, more or less." A copy of the agreement is attached to the complaint.

The complaint alleges that by the mistake of the real estate broker who was employed by defendant and who prepared the agreement, and by the mutual mistake of the parties, the description of said property by reference to "OR 1592-471" was in error in that the property described in the deed on record in Book 1592, page 471, Official Records of Sonoma County, was not owned in its entirety by the defendant and that the plaintiffs did not intend to buy nor did defendant intend to sell, nor could defendant have sold to plaintiffs, the land so described.

These allegations are sufficient to justify the revision or reformation of the description by striking therefrom "OR-1592-471 and" (Civ. Code, § 3399). Defendant does not dispute this.

WAS THE MAIN PARCEL OF LAND SUFFICIENTLY DESCRIBED?

 An agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable, cannot be specifically enforced. (Civ. Code, § 3390.) The essential terms for the sale of land are the parties, the price, the time and manner of payment, and the property to be transferred, described so that it may be identified. (*King* v. *Stanley*, 32 Cal.2d 584, 589 [197 P.2d 321].) The description of the property is one of the most essential parts of such an agreement. (*Beverage* v. *Canton Placer Mining Co.*, 43 Cal. 2d 769, 774 [278 P.2d 694].) The reason is said to be that a party obtaining specific enforcement of such a contract is entitled only to a decree compelling the other party to convey the identical property which he agreed to convey, and in order that this may be done the land must be so described that it may readily be identified from such description. (*Hines* v. *Copeland*, 23 Cal.App. 36, 39-40 [136 P. 728].)

 The law is extremely liberal in favor of the sufficiency of descriptions of land in contracts to convey realty. Much less certainty and particularity of description are required in a contract to sell land than in a deed conveying that land. (*Wright* v. *Wilson Co., Inc.*, 212 Cal. 569, 573-574 [299 P.

521] ; *Russell* v. *Ramm,* 200 Cal. 348, 369-370 [254 P. 532] ; *Johnson* v. *Schimpf,* 197 Cal. 43, 48 [239 P. 401] ; *Diffendorf* v. *Pilcher,* 116 Cal.App. 270, 272 [2 P.2d 430] ; *United Truckmen, Inc.* v. *Lorentz,* 114 Cal.App.2d 26, 29-30 [249 P.2d 352] ; *Ralston* v. *Demirjian,* 86 Cal.App.2d 124, 126-127 [194 P.2d 41].) The description must, however, be such, either in terms or by reference, that the property can be ascertained without resort to parol evidence for the purpose of supplying a description. (*Craig* v. *Zelian,* 137 Cal. 105, 106 [69 P. 853] ; *Burge* v. *Krug,* 160 Cal.App.2d 201, 208 [325 P.2d 119] ; *Gordon* v. *Perkins,* 108 Cal.App. 336, 340 [291 P. 644] ; *Simpson* v. *Schurra,* 91 Cal.App. 640 [267 P. 384].) ▉ Such parol evidence is admissible only for the purpose of identifying the description contained in the writing with its location upon the ground. (*Ibid.*)

▉ It is well settled that where a deed refers to a map or other instrument with a reference sufficiently certain to identify it, that instrument is regarded as incorporated in the deed as part of it. (*Danielson* v. *Sykes,* 157 Cal. 686, 690 [109 P. 87, 28 L.R.A. N.S. 1024] ; *Troeger* v. *Fink,* 166 Cal.App.2d 22, 24 [332 P.2d 779] ; *Hoffman* v. *Van Duzee,* 19 Cal.App.2d 517 [65 P.2d 1330] [map] ; *Edwards* v. *Lewis,* 25 Cal.App.2d 168, 172 [76 P.2d 720].) All of these cases just cited involve deeds but, as we have stated, an even more liberal rule is followed by courts of equity in dealing with contracts to sell land.

▉ Here, the complaint alleges that the reference in the deposit receipt agreement to ''AP 73-28-12'' is to parcel 12 as shown on page 28 of Book 73, Sonoma County Assessor's Parcel Map, and that this parcel was at all times therein mentioned owned by defendant and is the identical property which defendant offered to sell and plaintiffs agreed to buy under the terms of said agreement; that a particular description of said property is attached to the complaint and is identical to that shown on said assessor's map, as referred to above.

This description is in form a complete legal description of the property. A competent surveyor would have no difficulty in locating the land and establishing its boundaries from this description. This has often been stated to be a test for determining the sufficiency of a description. (*Best* v. *Wohlford,* 144 Cal. 733, 738 [78 P. 293] ; *Sequoia Investment Corp.* v. *Paillard,* 135 Cal.App.2d 166, 171 [286 P.2d 857] ; *United Truckmen* v. *Lorentz, supra,* p. 33; *McKevitt* v. *City of Sacramento,* 55 Cal.App. 117, 127 [203 P. 132].)

We conclude, therefore, that the main parcel of land, without the exclusion of the two excepted portions, is sufficiently described in the deposit receipt agreement. In so holding, we are not supplying a description to the agreement but are merely allowing the description contained therein to be identified by parol evidence with its location upon the ground. (*Craig* v. *Zelian, supra.*)

WERE THE EXCEPTIONS SUFFICIENTLY DESCRIBED?

The description of the two exceptions follows immediately after the description of the main parcel and is in the following words: "saving and excepting therefrom one acre in the southeast corner and approximately 2½ acres in the northeast corner, leaving approximately 139 acres, more or less."

The court below, in its order sustaining the general demurrer, stated: "There is no way that the description, 'saving and excepting therefrom . . . approximately 2½ acres in the northeast corner, leaving approximately 139 acres, more or less, can actually be delineated on the ground without orally supplying missing elements of the description."

Plaintiffs rely upon *Denbo* v. *Senness*, 120 Cal.App.2d 863 [262 P.2d 31], which was an action for specific performance of a contract for the sale of land described as "2 acres of that tip of Lot 1, Tr. 9765, City of Torrance, facing on Pacific Coast Highway and Newton St." The court had no difficulty in locating "Lot 1" or the junction of "Pacific Coast Highway and Newton St." at the "tip" of Lot 1. "Tip" was defined as the "pointed end" or "apex" of the lot. This was held to be a sufficient description, the court stating: "Two acres of the tip of Lot 1, as described, would have to take in the point or apex of the triangle between the two streets. No other two acres would fit the description." (P. 866.) In *United Truckmen, Inc.* v. *Lorentz, supra,* the following description, when aided by parol evidence, was held sufficient to justify specific performance: " '. . . The southerly portion of that certain property being under the name of Ernest Lorentz Sr. and bounded on the East by South Tenth Street and on the South by the Western Pacific Railroad, being about 275 feet on South Tenth Street by approximately 500 feet deep, containing about 3 acres. . . . ' " However, as pointed out in *Ganiats Construction, Inc.* v. *Hesse*, 180 Cal.App.2d 377, 391 [4 Cal.Rptr. 706], both of these cases supplied descriptions of two sides of the property involved and the property might readily be identified by a competent surveyor, with reasonable certainty.

318

In the instant case, the reference is only to acreage in a designated corner of the tract. "An acre can be a circular, square, triangular, irregular, broad or narrow strip of land. Indeed, an acre is not a concrete form; it is a term of quantity and it can be applied to land in all manner of patterns." (*Ganiats, supra,* p. 384.) As stated by the court below in the instant case: "The words in the description 'in the northeast corner' would seem to imply that the land must be either in a square or triangle. However, this in itself illustrates the obvious missing elements of the description, since it cannot be ascertained from the description whether the shape should be a square or triangle."

 Specific performance is not precluded by reference to the exception in the northeast corner as "*approximately* 2½ acres." (Emphasis added.) As we have seen in *United Truckmen, Inc.* v. *Lorentz, supra,* the terms "about" and "approximately" were both used in that description. Nor does the expression, "leaving approximately 139 acres, more or less," vitiate the description. (*Nickerson* v. *County of San Bernardino,* 179 Cal. 518, 526 [177 P. 465] ; *Board of Commissioners* v. *Younger,* 29 Cal. 172, 178-179.)

 However, there are no supplementary allegations in the complaint which would aid in identifying the outlines or boundaries which the parties had in mind for the exceptions described in the agreement merely as "1 acre in the southeast corner, and approximately 2½ acres in the northeast corner." In the absence of such allegations, it must be held that the description of the exceptions as contained in the deposit receipt agreement is insufficient.

### EFFECT OF THE INSUFFICIENTLY DESCRIBED EXCEPTIONS ON THE ISSUE OF DAMAGES

 Defendant contends that since the description of the excepted portions of the parcel is uncertain, it necessarily follows that the main parcel is likewise uncertainly designated, since the land to be sold could only be determined by excluding therefrom the excepted portions, and therefore a recovery in damages will not lie.

This same contention was rejected by the Supreme Court in *Lange* v. *Waters,* 156 Cal. 142 [103 P. 889, 19 Ann.Cas. 1207], which was an action brought to recover damages for defendants' breach of a contract to sell realty. The contract sufficiently described the 20-acre tract to be sold but then recited that defendants " '. . . reserve all improvements and

one acre of ground inclusive of streets and five-foot alley on the south where the house now stands . . .' " The trial court found that the one-acre exception was not susceptible of delimitation and that "because of the uncertainty of the description of the excepted one acre the contract is made uncertain as to the nineteen acres agreed to be conveyed." (P. 145.) The trial court further found that plaintiff was damaged in the sum of $1,600 by reason of defendants' refusal to convey but that a recovery would have to be denied because of the uncertainty of the description of the exception. The judgment was reversed with directions to the trial court to enter judgment in favor of plaintiff in the amount which the court found would have been due saving for the indefiniteness of the description. The Supreme Court said: "The court in the first so-called conclusion of law finds as a fact that the description of the excepted one acre is uncertain. It finds further as a fact that, because of the uncertainty of the description of the excepted one acre the contract is made uncertain as to the nineteen acres agreed to be conveyed. The second fact is drawn as a deduction from the first fact found,—namely, the uncertainty of the description of the excepted one acre. The court concludes that by reason of this uncertainty and the consequences which flow from it as expressed in the finding of the second fact, and for no other reason, plaintiff must fail. If, in declaring the second fact that the nineteen acres to be conveyed became uncertain because of the uncertainty of the description of the excepted one acre, the court misconstrued and misapplied the law; if, in other words, it did not follow that it was a fact that the description of the nineteen acres sought to be conveyed must fail because of the indefiniteness of the description of the excepted one acre, then the judgment is not supported by the findings and must be reversed." (P. 145.) In reversing the judgment, the Supreme Court stated: "The excepted acre alone, the court finds, is insufficiently described. What legal result follows therefrom? The cases are numerous in answer. In accordance with the doctrine that an exception in such a deed is to be construed strictly against the grantor, the exception will fail and not the grant." (P. 146.) (See also *Nineteenth Realty Co.* v. *Diggs,* 134 Cal.App. 278, 285 [25 P.2d 522] ; *Simpson* v. *Schurra,* 91 Cal.App. 640, 649 [267 P. 384].)

We hold that plaintiff sufficiently alleged a cause of action for damages and the general demurrer thereto should not have been sustained.

### Should Plaintiffs Be Allowed an Opportunity to Amend Their Complaint to State a Cause of Action for Specific Performance?

We do not know whether facts exist which would support allegations in aid of the insufficient description of the exceptions as contained in the agreement. Such allegations, if they could be made, would furnish the court with a basis for ruling on the admissibility of evidence offered to identify the exceptions the parties had in mind.

*Beverage* v. *Canton Placer Mining Co.* (1955) 43 Cal.2d 769 [278 P.2d 694], was an appeal by plaintiffs from a judgment on the pleadings in an action to specifically enforce a contract to convey certain real property described therein as "seven and one-half (7½) acres, more or less, to south of State Highway at Chambers Creek, (between highway Engineer Stations 561 + 58.51 ± to 577 ±) being part of Canton Placer Claim." (P. 773.) The trial court ruled that the description was insufficient and accordingly granted defendants' motion for judgment on the pleadings. The Supreme Court reversed the judgment with the following direction: "Plaintiffs should be permitted to amend their complaint to meet, if possible, the deficiencies in their pleadings as above noted." (P. 779.) The Supreme Court, in a unanimous opinion, said (pp. 774-775): "It is obvious in the instant case that the description in the deposit receipt is not a preferred description; by itself it is not definite and certain. [Citation.] However, it may not be concluded that the description does not furnish a 'means or key' to identification. [Citation.] The applicable principle is that that is certain which can be made certain [citations] by additional allegations [citations] and parol evidence in proof thereof, admitted not for the purpose of furnishing or supplying a description [citation] but for the purpose of applying the given description to the earth's surface, thereby identifying the property. [Citations.] Courts have been most liberal in construing executory contracts for the sale of real estate and have sought, as far as is consistent with the above established rules, to give effect to the intention of the parties in applying descriptions to property. [Citations.]

"Since the complaint contained no supplementary allegations in aid of the defective description, it furnished the court with no basis for ruling on the admissibility of evidence offered to identify the property the parties had in mind. [Citation.] Accordingly, plaintiffs' complaint was vulnerable

to objection for insufficiency of the property description. . . .

"However, it might well be that with proper amendment evidence would be admissible to explain the description according to 'the situation of the parties and the surrounding circumstances' when the deposit receipt was given and so identify with reasonable certainty the particular property intended. [Citations.]"

In *Salmons* v. *Jameson,* 144 Cal.App.2d 698 [301 P.2d 431], defendants appealed from a judgment decreeing specific performance of an agreement wherein defendants agreed to buy from plaintiffs a 930-acre ranch. The agreement provided: " 'It is further understood that 30 acres are to be deeded back to [plaintiffs] starting approximately 400' west of the cattle guard on south side of county road on east grade of Palomar Mt.' " Plaintiffs deeded the 930 acres to defendants but, some years later, when demand was made by plaintiffs, defendants refused to reconvey the 30 acres. By using the testimony of the plaintiff husband as to what he had "showed" defendants as to the location of the 30 acres to be excepted, together with the description contained in the agreement, an engineer was able to prepare a map showing the 30 acres intended. The trial court found that the agreement provided a means or key by which the description of the 30 acres could be applied to the earth's surface and decreed that the agreement was enforceable by specific performance under the circumstances shown.

The judgment is reversed, with directions to the trial court to permit plaintiffs to amend their complaint, if so advised. The purported appeal from the order sustaining the demurrer is dismissed. Appellants to recover costs on appeal..

Kaufman, P. J., and Shoemaker, J., concurred.