[Civ. No. 20178. First Dist., Div. Three. Feb. 16, 1962.]

KENNETH A. PASQUALETTI, Plaintiff and Appellant, v. ERNEST L. GALBRAITH et al., Defendants and Respondents.

Nicholas Zoller for Plaintiff and Appellant.

Frank W. Finn and Franklin Kay for Defendants and Respondents.

SALSMAN, J.—The plaintiff sued for specific performance of a written contract for the sale of a parcel of land. The defendants answered, denied the contract as alleged by the plaintiff, and pleaded that the agreement between the parties was for the sale of a certain parcel of land particularly described in the answer. After trial, the court refused specific performance to the plaintiff, but directed specific performance by the defendants, requiring the defendants to make a conveyance to the plaintiff of the lands described in the answer. The plaintiff has appealed, and we have concluded that the judgment must be affirmed insofar as it denies specific performance to the plaintiff, and reversed insofar as it directs the defendants to make a conveyance to the plaintiff of the property described in the answer in full discharge of any contractual obligations between the parties.

The facts essential to an understanding of the case are as follows:

The defendants owned a certain parcel of land on the north side of Burnside Road, in Sonoma County, consisting of approximately 5 acres. The plaintiff desired to purchase the defendants' property and consulted a real estate salesman who had some information about the land. A deposit receipt was prepared at the real estate office. The plaintiff, who had previously inspected the property, stated that there were about 2½ acres in the tract. Thereupon the real estate salesman inserted the following description in the deposit receipt: "About 2.53 acres on easterly side of Burnside Road, Sebastopol. This acreage contains an old Quarry and some Eucalyptus trees and joins Francke on north side. Refer to Escrow No. 61442 Kendall to Galbraith. Legal description to be attached later and to become a part hereof. Owners, Ernest L. and Eileen Galbraith, husband and wife."

When the deposit receipt was prepared the plaintiff and the salesman took it to the defendants and there ensued a discussion between the parties relating to the proposed sale. The evidence as to the conversation of the parties is in sharp conflict. The plaintiff's version is that he told the defendants he wanted to buy "all that land on the other side of the road." The defendants testified that the discussion related to "2½ acres below the road where the old quarry is at." The defendants also testified that they knew their ownership of land on the north side of Burnside Road comprised 5 acres, more or less. The real estate salesman testified that the discussion related to plaintiff's "buying the property on the east side of Burnside Road."

The defendants signed the deposit receipt, and later the parties went to a title company and opened an escrow and signed escrow instructions. The description of the property contained in the escrow instructions of the parties reads as follows: "About 2.53 acres on easterly side of Burnside Road, Sebastopol—joins Francke on north—formerly Kendall."

Later, a written contract of sale was prepared by the title company and signed by both plaintiff and defendants. The written contract contained a metes and bounds description and included the entire 5 acres of defendants' property. The defendants testified that when they signed the contract of sale they did not know the description included their entire ownership.

The plaintiff paid the purchase price called for in the contract, and demanded a deed. The defendants claimed mistake in the execution of the contract, and offered a deed containing a metes and bounds description of 2.52 acres. This was refused by the plaintiff, who then began this action.

There is no merit in plaintiff's contention that the evidence shows the intent of the parties to be to buy and sell "the property on the east side of Burnside Road" or "all the land on the other side of the fence, regardless of acreage." The evidence was in sharp conflict, and no citation of authority is needed for the statement that the resolution of such conflicts rests with the trial court. By refusing specific performance to the plaintiff the court has, in effect, found that the minds of the parties did not meet with respect to the subject matter of the contract as pleaded by the plaintiff.

 We find no error in allowing the defendants to testify to their claim of mistake in the description of the land contained in the written contract. The defendants' answer denied the existence of the contract, as alleged by the plaintiff, and asserted an agreement in a different form, that is, an agreement for the sale of 2.52 acres described by metes and bounds. Moreover, the pretrial conference order stated the issues between the parties, and one issue was the existence of the contract itself, as pleaded by the plaintiff. The pretrial order further recited that the parties had disclosed to one another their respective claims. Thus, it is fairly to be inferred from the denials in the defendants' answer and its affirmative allegations of a contract different from the one described by the plaintiff, as well as the contents of the pretrial order, that a mistake in description was a part of the defendants' defense. It is the rule that, where the writing itself, through mistake, does not express the intention of the parties who entered into it, or one of them, and the writing does not therefore contain the real contract between the parties, the objection as to parol evidence is without merit. (*Chastain* v. *Belmont,* 43 Cal.2d 45 [271 P.2d 498]; *Crawford* v. *France,* 219 Cal. 439 [27 P.2d 645]; *McCombs* v. *Church,* 180 Cal. 233 [180 P. 535]; *Kee* v. *Davis,* 137 Cal. 456 [70 P. 294, 671].)

 There was ample evidence to justify the trial court's refusal of specific performance to the plaintiff. There was, for example, evidence that the mistake resulted from a clerical error on the part of an independent agency, namely, the

title company, and that this error was wholly unknown to the defendants at the time they executed the contract. ▮▮ Specific performance is not a matter of absolute right, but rests within the sound discretion of the court, and is to be granted only in accordance with established principles of equity and always with reference to the facts of the particular case. (*Lind* v. *Baker*, 48 Cal.App.2d 234 [119 P.2d 806]; *Mills* v. *Skaggs*, 64 Cal.App.2d 656 [149 P.2d 204].) ▮▮ In view of the evidence before the court relating to the contract of which the plaintiff demands specific performance it is our view that the court was entirely correct in refusing its decree.

▮▮ There is, however, no support in the evidence for the judgment of the court ordering the defendants to execute a deed to the plaintiff of 2.52 acres of ground described by metes and bounds, and in full discharge of any and all obligations incurred by the defendants pursuant to a contract relating to the sale and purchase attempted by the parties. In effect the judgment affirms the existence of a contract between the parties, as alleged in the defendants' answer, and directs specific performance thereof. It spells out a metes and bounds description of 2.52 acres on Burnside Road, being a portion of the defendants' total ownership.

The metes and bounds description of the 2.52 acres adopted by the court in its judgment apparently comes from the defendants' Exhibit C, an unrecorded map. The plaintiff properly objected to the introduction of this map in evidence. No foundation whatsoever was established for its admission, and indeed the court admitted it only for a very limited purpose, namely, to indicate the location of a certain fence on the defendants' land. We find in the record before us no evidence other than the map to support the description contained in the decree, or to connect the metes and bounds description with the description in the deposit receipt or the escrow instructions. It is true that the plaintiff knew the former owner, Kendall, had a map prepared; that plaintiff had seen such a map, and further admitted that defendants' Exhibit C might be a copy of the survey prepared for Kendall, but the plaintiff denied any knowledge of the precise descriptions as shown on the map in evidence, and had no knowledge of its accuracy or reliability. We note, also, that the deposit receipt contains the statement, "refer to Escrow No. 61442, Kendall to Galbraith," but this reference is not further mentioned in the record before us nor referred to in the briefs of the parties,

and we may not assume that the map in question was ever a part of that escrow.

 While it is true that the law is extremely liberal in favor of the sufficiency of descriptions in contracts for the sale of realty, and that much less particularity of description is required in a contract to sell land than in a deed conveying land, nevertheless the description must be such, either in terms or by reference, that the property can be ascertained without resort to parol evidence for the purpose of supplying a description. (*Calvi* v. *Bittner,* 198 Cal.App.2d 312 [17 Cal. Rptr. 850]; *Wright* v. *L. W. Wilson Co., Inc.,* 212 Cal. 569 [299 P. 521]; *Russell* v. *Ramm,* 200 Cal. 348 [254 P. 532]; *Craig* v. *Zelian,* 137 Cal. 105 [69 P. 853]; *Burge* v. *Krug,* 160 Cal.App.2d 201 [325 P.2d 119].) Neither the deposit receipt, the escrow instructions nor the formal contract made any reference to the map from which the description in the judgment appears to have been taken, nor was the map received in evidence for the purpose of identifying the precise boundaries of the land which the defendants claim was the subject of the contract. It is fundamental that a court cannot make a contract for the parties, nor should it attempt to do so. (49 Am.Jur. 194; *Miller* v. *Jones,* 68 W.Va. 526 [71 S.E. 248].)

 That portion of the judgment denying specific performance to the plaintiff is affirmed; that portion of the judgment directing the defendants to make a conveyance to the plaintiff of the lands described in the defendants' answer and in the judgment is reversed.

Draper, P. J., and Devine, J., concurred.